## MUELLER v. KLINGMAN.

[No. 10,642. Filed December 18, 1919. Rehearing denied Apri'
2, 1920.]

MASTER AND SERVANT.—*Workmen's Compensation.—Death From Blow By Coservant.*—The death of a workman from a blow by a hammer thrown by a fellow servant as the result of a disagreement arising out of the employer's work, was caused by an accident arising out of and in the course of his employment.

From the Industrial Board of Indiana.

Proceedings for compensation by Mrs. Leo Klingman against J. Harry Mueller. From an award for the applicant, the defendant appeals. *Affirmed.*

*Landers, McKay, Turner & Merrell,* for appellant.
*Henry U. Johnson* and *John F. Robbins,* for appellee.

ENLOE, J.—In December, 1918, the appellant, a contractor, under the name and style of "Economy Engineering Company," was engaged in constructing the building known as the New K. of P. Building, in Richmond, Indiana, and one Gideon Klingman was an employe of said appellant, working thereon. On December 4, 1918, said Klingman, while engaged at his work on the building, was killed by being struck in the back of the head by a hammer, then and there thrown by one Howard, a fellow servant.

The circumstances under which said killing took place, as disclosed by the record, were as follows: The deceased and two other men, employes of appellant, had carried a piece of steel, to be used for the purpose of reinforcing the concrete of which said building was being constructed, up onto the floor and the place where said steel was to be used, one of said employes carrying each end thereof, and the deceased supporting and carrying the middle portion of said rod, it being about forty feet long and quite heavy. On their arrival at the place where the rod was to be placed, it was observed that one of the "U" irons into which said rod was to be placed was out of position, and one of the men so carrying said rod then and there requested said Howard to "straighten up" the U, which Howard then and there did, and immediately remarked, "I ain't got time to fool with you people," to which the deceased replied, "I won't ask anybody to help me do my work, I will do it myself," and that immediately thereafter Howard threw

the hammer, striking and so injuring the deceased that he died shortly thereafter.

The appellant testified as a witness in this case, both as a witness for claimant and in his own behalf, and among other things testified that: "I made a rule I didn't want one man waiting on the other for the other to help him. I said they were to work together, and see they got the work done, and I told them when I employed them they had to help the other man as much as possible, that if a man was waiting for something to be done, that the other man must stop what he was doing and go help him." He also testified that after the injury he took Klingman to his home, and told Mrs. Klingman "to bathe his head, while he went for the doctor."

· On December 5, 1918, by the name and style of Economy Engineering Company, appellant duly made a report of said accident, as required by law, which said report was filed with the Industrial Board, December 11, 1918. In said report it was stated, among other things, that said Engineering Company had twenty-three employes; that one of said employes, Gideon Klingman, met his death by accident on December 4, 1918; that he was killed by a blow of a hammer, thrown by James Howard, a laborer; that his wages were $24 per week; that said Klingman left his wife, Mrs. Gid Klingman, Richmond, Indiana wholly dependent. Said report was signed by said engineering company, by the appellant, styling himself therein as "president."

On December 24, 1918, the appellee, as the dependent widow of said Gideon Klingman, gave notice to appellant of the accident, and, her compensation therefor not having been adjusted, on January 22, 1919, she duly made application to the Industrial Board for an adjustment of her claim for compensation.

Thereafter the cause was heard by one member of

said board, who made an award of compensation to appellee, from which award the appellant filed his application for a review by the full board, and such review was accordingly had, additional evidence being heard at request of appellant. Upon such review the appellee was awarded compensation at the rate of $13.20 per week, for 300 weeks, also funeral and burial expenses not exceeding $100. From this award the appellant prosecutes this appeal. The findings are sufficient in form, and the only question we are called upon to consider is the sufficiency of the evidence to support them.

It has been held that an employe is injured in the course of his employment where the injury occurs within the period of his employment, at a place where he may reasonably be, and while he is reasonably fulfilling the duties of his employment, or engaged in doing something incidental thereto. *Swift & Co.* v. *Industrial Comm.* (1919), 287 Ill. 564, 122 N. E. 796.

It has also been said that there must be some causal relation between the employment and the injury; that it is not necessary to be one which ought to have been foreseen or expected, but it must be one which, after the event, may be seen to have had its origin in the nature of the employment. *Swift & Co.* v. *Industrial Comm., supra.* In *Pekin Cooperage Co.* v. *Industrial Com. Comm.* (1918), 285 Ill. 31, 120 N. E. 530, it was said, after reviewing a number of cases: "All concur in the rule that the accident, to be within the compensation act, must have had its origin in some risk of the employment. No fixed rule to determine what is a risk of the employment has been established. When men are working together at the same work disagreements may be expected to arise about the work, the manner of doing it, as to the use of tools, interference with one another, and many other details which may be trifling or important. Infirmity of temper, or worse, may be

expected, and occasionally blows and fighting. Where the disagreement arises out of the employer's work in which two men are engaged and as a result of it one injures the other, it may be inferred that the injury arose out of the employment."

Under the above rules, upon the record before us, there can be no question as to the death of deceased having been caused by an accident arising out of and in the course of his employment. The findings are sustained by the evidence.

The award of the Industrial Board is affirmed, and the amount thereof is increased five per cent., as provided by §3 of the amendment of 1917. (Acts 1917 p. 154.)