PAYNE, DIRECTOR GENERAL OF RAILROADS v. WALL.

[No. 11,108.    Filed November 16, 1921.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Findings.—Ultimate Facts.—Injury by Accident Arising Out of and in Course of Employment.*—In a proceedings for compensation under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 et seq. Burns' Supp. 1918), a finding of the Industrial Board that applicant "received a personal injury by an accident arising out of and in the course of his employment," is the finding of an ultimate fact, and not the statement of a mere conclusion.   p. 635.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Accident in the Course of Employment.—Assault by Fellow Workmen.*—Where an employe, engaged in shoveling coal, at the

close of his work for the day, went to a nearby desk on the premises to fill out a card pertaining to his work, and, after he started to leave, was injured by a lump of coal thrown by another employe with whom he had been quarreling, the Industrial Board was warranted in finding, in a proceedings for compensation under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), that the injury resulted from an accident in the course of the employment. p. 636.

3. MASTER AND SERVANT.—*Workmen's Compensation Act.—Accident Arising Out of Employment.—Assault of Coservant.—* Where employes engaged in the same work engaged in a quarrel, as one was quitting work for the day and the other was starting, concerning the amount of work done by each, and plaintiff, while leaving the premises, was struck and injured by a lump of coal thrown by the other employe, the injury was one resulting from accident arising out of the employment (Union Sanitary Mfg. Co. v. Davis [1917], 64 Ind. App. 227, disapproved.) p. 637.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Henry Wall against John Barton Payne, Director General of Railroads. From an award for applicant, the defendant appeals. *Affirmed.*

*Beasley, Douthitt, Crawford & Beasley,* for appellant. *A. Z. Thomas,* for appellee.

BATMAN, J.—This is an appeal from an award of compensation by the Industrial Board based on a finding which contains the following statement, among others, that appellee "received a personal injury by an accident arising out of and in the course of his employment." Appellant contends that this is the statement of a mere conclusion, and not the finding of an ultimate fact. The decisions on which this contention is based, in so far as they tend to sustain the same, were expressly disapproved by this court in the case of *Muncie Foundry, etc., Co.* v. *Thompson* (1919), 70 Ind. App. 157, 123 N. E. 196. The only other questions presented relate to the sufficiency of

the evidence to sustain the above finding. There is substantial evidence tending strongly to establish the following facts: Appellant had in his employ three men, whose duties required them to shovel coal for use in conection with the operation of a railroad. These men were Lape, Dunham and appellee. They did not all work at the same time, but worked successively during the day and night, each working a period of eight hours. On the day appellee received his injuries he had been preceded in this work by Dunham. Appellee took up the work at six o'clock in the morning and worked until about two o'clock in the afternoon. A few minutes before appellee's quitting time, Lape came up to succeed him in the work, and while appellee was still in the car where he had been shoveling coal, a controversy arose between him and Lape with reference to the work which they and Dunham were performing for appellant, which involved a question as to whether each was doing his full share of the same. After appellee had quit shoveling coal and had gone to a nearby desk on the premises to fill out a card pertaining to his work, the controversy was continued, and there developed into a quarrel about the same matter, resulting in anger on the part of both, and the use of provoking language, in which the lie was given and threats were made. During the progress of this quarrel, appellee started to leave, by going down a nearby stairway on the premises, and while so doing was struck with a lump of coal thrown by Lape and severely injured.

This court has held that in the application of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), a servant's employ-

2.   ment is not limited "to the exact moment when the workman reaches the place where he is to begin his work, or to the moment when he ceases that

work. It necessarily includes a reasonable amount of time and space before and after ceasing actual employment, having in mind all the circumstances connected with the accident. Whether an employe, in going to or returning from the place of his employment, is in the line of his employment, is governed and controlled by the particular circumstances and facts of each case. There must, however, be a line beyond which the liability of the employer cannot continue. Where that line is to be drawn is usually a question of fact." *Indian Creek, etc., Co.* v. *Wehr* (1920), 74 Ind. App. 141, 128 N. E. 765. Under this rule it is clear that we would not be warranted in disturbing the finding in the instant case, that appellee received his injuries by an accident in the course of his employment.

It only remains to be determined whether the evidence is sufficient to sustain the finding that appellee received his injuries by an accident arising out of his employment. An examination of the decisions of the courts in the various states, which have Workmen's Compensation Acts similar to ours, discloses that much has been said as to what rule should govern, in determining whether an injury, inflicted by a fellow servant as the result of a personal controversy in the course of his employment, arises out of his employment. This court has heretofore considered this question, and in the case of *Mueller* v. *Klingman* (1919), 73 Ind. App. 136, 125 N. E. 464, quoted the following rule with approval: "All concur in the rule that the accident, to be within the compensation act, must have had its origin in some risk of the employment. No fixed rule to determine what is a risk of the employment has been established. When men are working together at the same work disagreements may be expected to arise about the work, the manner of doing it, as to the use of tools, interference with one

another, and many other details which may be trifling or important. Infirmity of temper, or worse, may be expected, and occasionally blows and fighting.. When the disagreement arises out of the employer's work in which two men are engaged and as a result of it one injures the other, it may be inferred that the injury arose out of the employment." Applying this rule to the instant case, it is clear to us that the Industrial Board was warranted in making the finding that appellee received his injuries by an accident arising out of his employment. In reaching this conclusion we have not been unmindful of the case of *Union Sanitary Mfg. Co.* v. *Davis* (1917), 64 Ind. App. 227, 115 N. E. 676, cited by appellant. That case, however, will prove misleading unless read in connection with the later case of *Polar Ice, etc., Co.* v. *Mulray* (1918), 67 Ind. App. 270, 119 N. E. 149, written by the same judge, wherein a distinction is made, based on a difference in facts. We elect to stand by the rule, stated and approved in the case of *Mueller* v. *Klingman, supra,* and the case of *Union Sanitary Mfg. Co.* v. *Davis, supra,* must be considered disapproved, in so far as it states any rule to the contrary. Finding no reversible error in the record, the award is affirmed.