## Furst Kerber Cut Stone Company *v.* Mayo et al.

[No. 11,969. Filed October 7, 1924. Rehearing denied January 9, 1925.]

1. MASTER AND SERVANT.—*"Accident," as used in Workmen's Compensation Act, defined.*—The word "accident" in §2 of the Workmen's Compensation Act, Acts 1915 p. 392, as amended, Acts 1917 p. 673, §8020m Burns' Supp. 1921, means any mishap or untoward event not expected, and which was not designed by the one who suffered the injury or death. p. 365.

2. MASTER AND SERVANT.—*Assault and battery by coemployee may be accident within Workmen's Compensation Act.*—Assault and battery by a fellow workman may be an "accident" within the meaning of the word as used in §2 of the Workmen's Compensation Act, Acts 1917 p. 673, §8020m Burns' Supp. 1921. p. 365.

3. MASTER AND SERVANT.—*When injury resulting from an assault and battery will be assumed to arise out of employment.*—Where a disagreement or quarrel between coemployees arises out of the work in which they are at the time engaged, and, as a result, one assaults and injures the other, it will be assumed that the injury arose out of the employment. p. 365.

4. MASTER AND SERVANT.—*Finding of Industrial Board that injury arose out of employment held sustained by evidence.*—Evidence *held* sufficient to sustain finding by the Industrial Board that injury to employee arose out of the employment, within the meaning of the Workmen's Compensation Act. p. 365.

From Industrial Board of Indiana.

Proceeding under the Workmen's Compensation Act by Pearl I. Mayo and others against the Furst Kerber Cut Stone Company. From an award for claimants, the defendant appeals. *Affirmed.*

*Joseph W. Hutchinson* and *Howe S. Landers,* for appellant.

*Albert J. Fields* and *Boruff & Boruff,* for appellees.

REMY, J.—Forest Mayo was employed by appellant as a quarryman, and during the afternoon of November 27, 1922, with a number of coemployes, was engaged in moving and placing a track over which a channeling machine was operated. In the group of men doing the work was Everett Mayo, a brother of Forest, and Noble Watson. At the noon or lunch hour, Everett Mayo and Watson had quarreled over a trivial matter. About an hour and a half after work had been resumed following the lunch period, and after the quarrel between Everett Mayo and Watson had ended, Watson complained to Everett that he was not doing his full share of the work. In response to these words of complaint, Everett said, "It is just like a Watson to be trying to bulldoze somebody." Whereupon Forest Mayo spoke up and said to Everett, "That is nothing for you to get smart about." Everett then began shoving the track over with a bar of iron which he had in his hands for that purpose; and Forest, not being pleased with the way the work had been done, said to Everett, "You did not shove that track right," to which Everett replied, "I don't want any of your put in," calling Forest a vile name as he spoke. Forest resented being called the name, and walked toward his brother unarmed, with his hands at his sides. When within three feet of his brother, Forest stopped. After Forest had stopped, Everett struck him on the head with a bar of iron which he had been using in his work.

The blow was sufficient to fracture the skull, and resulted in Forest's death a few days later.

From an award of compensation to appellees, the dependents of Forest Mayo, this appeal is prosecuted.

The question for decision is: Under the facts above stated, which facts were established by the evidence and found by the Industrial Board, was the death of Forest Mayo the result of an accident arising out of his employment?

The word "accident" in §2 of the Workmen's Compensation Act (Acts 1917 p. 673, §8020m Burns' Supp. 1918), is used in its popular sense, and means 1, 2. any mishap or untoward event not expected, and which was not designed by the one who suffered the injury or death. *Townsend & Freeman Co.* v. *Taggart* (1924), 81 Ind. App. 610, 144 N. E. 556. See, also, *Board of Management* v. *Kelly* (1914), Appeal Cases 667, 676, 7 B. W. C. C. 274, 280. Within the meaning of this definition, an assault and battery may be, and the assault and battery which resulted in the death of Forest Mayo as shown by the evidence and the facts found by the board in this case was, an accidental injury. *Nisbet* v. *Rayne* (1910), 2 K. B. 689, 3 N. C. A. A. 268; *Anderson* v. *Balfour* (1910), 44 Ir. L. T. 168, 3 B. W. C. C. 588.

It is contended by appellant that even if the assault and battery which resulted in the death of appellees' decedent was an accidental injury within the 3, 4. meaning of §2 of the Workmen's Compensation Act, *supra*, the award cannot be upheld for the reason that there is no evidence to support the finding of the board that the accident arose out of the employment in which decedent was at the time engaged. In this jurisdiction, the law is well established that where a disagreement or quarrel between coemployees arises out of the work in which they are at the time engaged,

and as a result one assaults and injures the other, it will be inferred that the injury arose out of the employment. *Mueller* v. *Klingman* (1919), 73 Ind. App. 136, 125 N. E. 464; *Payne, Director*, v. *Wall* (1921), 76 Ind. App. 634, 132 N. E. 707. See, also, *Hinchuk* v. *Swift & Co.* (1921), 149 Minn. 1, 182 N. W. 622; *Swift & Co.* v. *Industrial Com.* (1919), 287 Ill. 564, 122 N. E. 796. At the hearing, Everett Mayo as a witness testified that he and Forest had previously had no trouble, and that, when he struck the fatal blow, he had no intention of taking his brother's life. He also testified that the quarrel between him and Watson at the lunch period had definitely ended an hour and a half prior to the commencement of the altercation between the witness and his brother. We hold that the evidence is sufficient to sustain the finding of the board that the injury which resulted in the death of Forest Mayo arose out of his employment.

Affirmed.