## FEY v. BOBRINK.

[No. 12,611. Filed May 14, 1926.]

1. MASTER AND SERVANT.—The Workmen's Compensation Act should be liberally construed, even to the inclusion of cases within the reason, although outside the letter, of the statute. p. 561.

2. MASTER AND SERVANT.—*Injury to foreman from assault by coemployee while attempting to direct work of the other, held to have arisen out of the employment.*—An injury to an employee resulting from being struck on the head by a coemployee during a quarrel, which grew out of an attempt by the former (a foreman) to direct the latter in reference to the manner of performing the work, arose out of and "in the course of the employment," and was compensable under the Workmen's Compensation Act. p. 561.

3. MASTER AND SERVANT.—*Injury during quarrel between coemployees about the work in which they were engaged will be deemed to have arisen out of employment.*—Where there is a disagreement or quarrel between coemployees about the work in which they are engaged, and, as a result, one assaults and injures the other, it will be deemed that the injury arose out of the employment within the meaning of the Workmen's Compensation Act. p. 562.

From Industrial Board of Indiana.

Proceeding under the Workmen's Compensation Act by Catherine A. Fey for compensation for the death of her husband, John Fey, opposed by Louis R. Bob-

rink, employer. From the award denying compensation, the claimant appeals. *Reversed.* By the court in banc.

*Edgar E. Hite* and *G. Edwin Johnston,* for appellant.
*White & Wright,* for appellee.

NICHOLS, C. J.—Application before the Industrial Board of Indiana by appellant, as widow and sole dependent of John Fey, deceased, claiming compensation under "The Indiana Workmen's Compensation Act" for the alleged accidental death of her said husband while in the employment of appellee. The application was in the usual form required by the Industrial Board and alleged that Fey met his death, January 14, 1925, from an assault and battery received during a disagreement, quarrel and fight with Robert Sparks a coemployee. That the accident and death arose out of and in the course of the employment. That the disagreement arose over the work they were both engaged in, and while they were both engaged at their employment, in the sausage and lard room in the rear of appellee's butcher shop, at a place where decedent was required to be at his work. That death was caused from "Cerebral Hemorrhage of the Brain," caused by a blow from a lard ladle on the head struck by said Sparks, or by decedent slipping on a wet, greasy, slippery cement floor, causing his head to strike on the floor and resulting in death. It was alleged that appellee, employer, was present at the time of the death and had full actual knowledge of the accident, injury and death. The full board found that on January 14, 1925, appellant's decedent was in the employ of appellee at an average weekly wage in excess of twenty-four dollars; that on said date, decedent came to his death as a result of a personal altercation with another employee, which said altercation did not arise out of and in the course of his

employment; that he left surviving him appellant, his widow, who is wholly dependent upon him for her support; that appellant take nothing.

This appeal is from the award on the foregoing finding against appellant.

In the case of *In re Duncan* (1920), 73 Ind. App. 270, this court held that the Workmen's Compensation Act, being remedial in character, should be construed with regard to former laws and the defects or evils to be corrected and the remedy provided, and that it should be liberally construed to the end that the purpose of the legislature, by suppressing the mischief and advancing the remedy, be promoted even to the inclusion of cases within the reason, although outside the letter, of the statute. To the same effect see *Dowery* v. *State* (1925), *ante* 37, 149 N. E. 922. That this is the rule in other states see Artman's Indiana Workmen's Compensation Manual p. 24.

It appears by unquestioned evidence that appellant's decedent had been employed by appellee for a period of about twenty years altogether, and that, at the time of the occurrence which resulted in his death, whether appointed to such position or not, he was recognized by appellee and the other employees as having authority to direct operations in the lard and sausage room in which he was employed. When the decedent and Sparks commenced their work on the morning of the decedent's death, there was no ill feeling between them, and the altercation in which they subsequently became involved grew out of the employment in which they were engaged. It appears that the decedent was attempting to direct Sparks with reference to building a fire under a large kettle. Out of this direction, which concerned the employment in which they were engaged, the trouble between them began. That there

were some heated words that passed between them is undisputed, but it has been held that mere words, however abusive or insulting, do not make the person using the same an aggressor so as to prevent compensation under the Workmen's Compensation Law. *Matter of Heitz* v. *Ruppert* (1916), 218 N. Y. 148, 112 N. E. 750, L. R. A. 1917A 344; *Knocks* v. *Metal Packing Corp.* (1921), 231 N. Y. 78, 131 N. E. 741; *Rydeen* v. *Monarch Furniture Co.* (1925), 240 N. Y. 295, 148 N. E. 527.

There is no evidence that the decedent struck Sparks or that he threatened to strike him. On the other hand, there is evidence that those who heard the commotion in the room when they rushed in found the decedent on the floor and Sparks upon him striking him on the head. Under the undisputed evidence, it is clear to the court that the injury resulting in the death of appellant's decedent grew out of the course of his employment with appellee.

It has been repeatedly held in other jurisdictions that where, in the performance of the work of their employer, a controversy arises between two employees concerning such performance of the work in which they are engaged, and an assault results in injury of the one assaulted, such injury is the result of an accident arising out of and in the course of the employment, and compensation is authorized. *Pekin Cooperage Co.* v. *Industrial Com.* (1918), 285 Ill. 31, 120 N. E. 530; *Swift & Co.* v. *Industrial Com.* (1919), 287 Ill. 564, 122 N. E. 796; *Rydeen* v. *Monarch Furniture Co., supra; Matter of Heitz* v. *Ruppert, supra.*

In this jurisdiction, it is the well-settled law that where there is a disagreement or quarrel between coemployees arising out of the work in which they are 3. at the time engaged, and as a result one assaults and injures the other, it will be inferred that the injury arose out of the employment. *Furst Kerber Cut*

NOVEMBER TERM, 1925.                    563

Travelers Ins. Co. *v.* Fletcher, etc., Nat. Bank—84 Ind. App. 563.

*Stone Co.* v. *Mayo* (1924), 82 Ind. App. 363, 144 N. E. 857; *Payne, Director,* v. *Wall* (1921), 76 Ind. App. 634, 132 N. E. 707; *Mueller* v. *Klingman* (1919), 73 Ind. App. 136, 125 N. E. 464.

In the last case cited, this court, in holding that compensation should be allowed, said: "When men are working together at the same work disagreements may be expected to arise about the work, the manner of doing it, as to the use of tools, interference with one another, and many other details which may be trifling or important. Infirmity of temper, or worse, may be expected, and occasionally blows and fighting. Where the disagreement arises out of the employer's work in which two men are engaged and as a result of it one injures the other, it may be inferred that the injury arose out of the employment."

We hold that under the undisputed facts in this case appellant was entitled to compensation under the Workmen's Compensation Act.

The award is reversed.