INLAND STEEL COMPANY *v.* FLANNERY.

[No. 13,346. Filed December 5, 1928.]

*William J. McAleer, Francis J. Dorsey, Gerald A. Gillett* and *James J. Clark,* for appellant.

REMY, J.—On October 25, 1927, appellee, while in the course of his employment by appellant, suffered an injury as the result of an assault and battery at the hands of a fellow workman. The assault and battery and injury

followed an altercation which grew out of the employment of the two men. Appellee, being totally disabled by reason of the injury, filed with the Industrial Board his application for adjustment of compensation, and was awarded $16.50 per week during total disability.

On appeal two questions are presented: (1) That appellee's injury was not the result of an accident which arose out of the employment; and (2) that the Industrial Board was without authority to make an award in excess of $13.20 per week.

When co-employees are working together, it is to be expected that disagreements will arise in connection with the work and that there may be blows and fighting. Injury to an employee from such a source is one of the risks of the employment, and is an accidental injury arising out of the employment, within the meaning of those terms as they are used in the Compensation Act. *Mueller* v. *Klingman* (1919), 73 Ind. App. 136, 125 N. E. 464; *Furst Kerber Cut Stone Co.* v. *Mayo* (1924), 82 Ind. App. 363, 144 N.E. 857.

The Workmen's Compensation Law of this state limits the compensation that may be awarded to 55% of the average weekly wages of the injured employee, and §40 of the original compensation act (Acts 1915 p. 392, §9485 Burns 1926) provides that, in making the computation, "the average weekly wages of an employee shall be considered not more than $24," under which statute the maximum award would be $13.20 per week. In 1927, the legislature enacted a statute providing that, "in computing compensation under the Workmen's Compensation Act the average weekly wages of an employee shall be considered not more than $30." The maximum award fixed by this statute, it will be seen, is $16.50 per week.

It is the contention of appellant that, since the act of 1927 does not, by its title, purport to amend the original

compensation act, it cannot be recognized by the board, and that, so far as the board is concerned, §40 of the original act stands and is controlling. Appellant does not question the constitutionality of the act of 1927. On the contrary, it disavows any intention of so doing. . It is argued that since the Industrial Board is but an administrative body created by the original act, it can exercise no powers other than those conferred by that act and by subsequent legislative enactments which by their respective titles purport to amend some specific section or sections of the original act. There is no merit in appellant's contention. The act of 1927 is entitled "An act concerning workmen's compensation"; it specifically repeals §40 of the original act, and was intended to, and does, take the place of that section. It is as much a part of the workmen's compensation laws to be administered by the Industrial Board as if, in the title thereof, it had been stated that it was an act to amend §40 of the act of 1915.

Affirmed.