## Hansen v. Frankfort Chair Company et al.

(Decided March 21, 1933.)

POLK SOUTH, Jr., for appellant.

WOODWARD, HAMILTON & HOBSON for appellees.

Opinion of the Court by Judge Ratliff—Reversing.

The appellant, A. E. Hansen, has prosecuted this appeal from a judgment of the Franklin circuit court dismissing his petition for a review of an order of the Workmen's Compensation Board of Kentucky refusing to allow his claim for compensation for an injury sustained by him while engaged in his duties as superintendent of the Frankfort Chair Company.

In September, 1929, while about the chair factory engaged in his usual duties, he, Hansen, engaged in a conversation about the work with one John Rydner a convict working under him in the chair factory. The record discloses, in substances, the following facts: Hansen and Rydner were discussing the work of the prisoners relating to the chair factory, for which Hansen was superintendent, and Rydner and another convict, referred to in the conversation, were laborers in the factory. Hansen told Rydner the convicts were turning out bad work, and that he would have to put on civilian labor in the place of the convicts. According to Hansen's story of the incident, after discussing the work as above stated, he then left Rydner and started toward the office, and, when a few feet from Rydner, he felt a sharp sting on the back of his head, which rendered him unconscious. This is corroborated to an extent by other witnesses. But, according to appellee's story of the difficulty, as related by Rydner, in the conversation between the two men concerning the work, Hansen disputed Rydner's word, which apparently gave rise to some feeling between them. Rydner left Hansen and went a few feet away to the factory to see about the work in connection with the matter they had been discussing, and on his return he met Hansen, and Hansen renewed the conversation relating to the same subject which they formerly had been discussing, and in the latter conversation Hansen used this language, "I never saw a son of a b—— that came out of the mountains that could learn any sense," whereupon, Rydner struck Hansen in the face or on the chin with his fist, from

which blow Hansen fell, and the back of his head struck some hard substance which produced the alleged fracture of the skull.

Thus it will be seen that there is no dispute between the parties as to the subject-matter under discussion. It is stated by both parties that they were discussing the work relating to the chair factory, for which appellant was superintendent and Rydner a laborer. They differ only as to the details. Much proof was taken by each side, and the Workmen's Compensation Board entered the following finding of facts and ruling or conclusion of law:

"Facts: Claimant and Rydner were each employees of defendant and were on the premises at the time of the trouble but we do not think the testimony in this case shows that the trouble was the result of disagreement about the work of the employee or the manner of doing it, but the trouble was brought about by the language used by claimant which was sufficient to provoke the assault, and was not a personal injury by accident arising out of or in the course of the employment of claimant."

"Ruling of Law: If an employee provokes an assault by calling a fellow employee vile names, and he is injured by this employee, compensation will not be allowed him, because he is not injured by accident which arose out of and in the course of his employment with the defendant company."

The board found as a matter of fact that Hansen used the insulting language stated by Rydner, which provoked Rydner to strike Hansen. As a fact-finding body, the board had the right to believe Rydner's testimony and that he was provoked to strike Hansen. But its finding that "the testimony shows that the trouble was not the result of disagreement about the work of the employment or the manner of doing it" is a mere conclusion of the board, which is not supported by the uncontroverted facts. Conceding that Hansen used the alleged insulting language and thereby provoked Rydner to strike him, the conclusion is inescapable that the disagreement and dispute between the parties was the result of disagreement about the work. The board's conclusion of law, is based upon an erroneous interpretation of undisputed facts.

The question to be determined is whether or not an employee is entitled to compensation for an injury inflicted by a fellow employee as a result of a dispute arising out of and pertaining to the work or business of their employment.

In the case of Inland Steel Co. v. Flannery, 88 Ind. App. 347, 163 N. E. 841, the court, in affirming an award given an employee by the Workmen's Compensation Board, said:

"When coemployees are working together, it is to be expected that disagreements will arise in connection with the work, and that there may be blows and fighting. Injury to an employee from such a source is one of the risks of the employment, within the meaning of those terms as they are used in the Compensation Act"—citing Mueller v. Klingman, 73 Ind. App. 136, 125 N. E. 464.

The case of Taylor Coal Co. v. Industrial Commission, 301 Ill. 548, 134 N. E. 172, 173, presents a state of facts similar to the instant case. In the case, supra, the mine foreman and a miner became involved in a dispute about the work, and the miner shot the foreman. This was held to be a compensable case. The court said:

"On the facts in this case * * * it seems clear that the dispute arose out of and in the course of the employment of Padgett [the foreman]," and the plaintiff is entitled to recover compensation.

To the same effect are the cases of Meucci v. Gallatin Coal Co., 279 Pa. 184, 123 A. 766; State ex rel, Anseth v. District Court of Koochiching County et al., 134 Minn. 16, 158 N. W. 713, L. R. A. 1916F, 957; Mueller v. Klingman, 73 Ind. App. 136, 125 N. E. 464.

In the Mueller Case, supra, the employees started argument about the manner in which a certain piece of work was done. Some words passed, and one of them threw a hammer and hit the other in the back of the head, from which he died. This was held a compensable case. Said the court:

"Death of workman due to being struck by a hammer thrown by a fellow servant as the result of a disagreement [about the work] held to have been caused by an accident arising out of and in the course of his employment."

This case is analogous to the case at bar. Hansen and Rydner were in an argument about the work, which they were both employed to do, and the conversation and dispute led to the injury of Hansen.

In the Anseth Case, supra, the claimant was employed in a saloon as bartender. A drunken patron of the saloon threw a glass which struck the bartender in the eye and severely injured him. It was the contention of the defendant in the trial that the glass was thrown by the drunken man in a personal altercation between him and the bartender. But the court held this a compensable case, on the theory that the accident arose out of the bartender's employment, which necessarily accentuated the natural hazard from assault to which all men are subject in such positions, and that the court will take judicial notice that the position of bartender is quite apt to be one of peculiar danger, because of the rough characters with whom they come in contact.

The same reason would apply in the instant case. It is a matter of common knowledge that wardens, foremen, or other men in charge of convicts in a penitentiary are subject to attack or assault by such characters, which is not at all an infrequent occurrence.

The case of Wales v. Majestic Dairy Lunch, claim No. 1925, decided February 6, 1923, 5 Led. Dec. Kentucky Workmen's Compensation Board, page 186, is very similar to the instant case. The claimant was an employee of a restaurant, and a fellow employee threw a drinking glass which struck and injured claimant. The dispute between the employees arose out of claimant entering the dining room of the restaurant for the purpose of getting a drink of water, which was in violation of the rules of the management of the restaurant. The Workmen's Compensation Board held this to be a compensable case. The board, in its opinion by Mr. Levi, chairman, said:

"At the time of this trouble both parties were employed by and working for the defendant on the premises where their work required them to be. The cause leading up to the trouble was the act of the claimant going into the dining room to get a drink of water. This he had a right to do, but the rules of the employer forbid him from drinking in the dining room. The trouble between the em-

ployees in this case had its origin in the employ-
ment and grew out of the argument or quarrel over
the manner of conducting the employer's business,
or a dispute connected with such business. The
origin of the trouble was trivial—the taking of a.
drink of water in the dining room of defendant's.
restaurant. There is a causal relation between the
employment and the assault. The trouble between
these employees grew out of the employment and
was not one of vengeance or traceable to a personal
feud or ill feeling between the men.''

Counsel for appellee in their brief cited a number
of cases in support of their contentions, most of which.
are not analogous cases, because the difficulties or cause
of the injuries complained of had no direct or general.
connection with their employment. It must be conceded
that the mere fact that employees are working and as-
sociating together does not entitle them to compensa-
tion for any injury which they inflict upon each other.
Their employment may afford opportunity for disagree-
ments leading to and resulting in an injury, but it is not
compensable unless it has a direct and necessary con-
nection with the employment. In the instant case, it
was the duty of Hansen to supervise the work which.
necessarily required him to converse with and discipline
the prisoners or other employees who were working
under him, in which duty he was engaged, and perform-
ing which led to and resulted in his injury. On the
other hand, however, if the subject-matter and conver-
sation between Hansen and Rydner had been foreign.
to the work which they were engaged to do, the mere
fact that their employment afforded an opportunity for
such disagreements would not have brought this case
within the line of compensable cases. There apparently
is some conflict of authority on this subject. In the
light of the doctrine enunciated in a few cases, this.
would not be a compensable case, but the weight of au-
thority is to the contrary. The fundamental purpose
of these statutes is to protect employees who accept its
provisions, and the courts are inclined to give them a.
liberal construction where there is a causal relation be-
tween the employment and the injury (see Ky. Stats..
sec. 4880 et seq.).

In view of the facts presented in this case, and in.
light of the authorities cited herein, we are constrained

to hold that appellant is entitled to compensation for his injuries.

Reversed and remanded, with directions to set aside the judgment of the trial court and remand this cause to the Workmen's Compensation Board for proceedings not inconsistent with this opinion.