Richard L. SKINNER, Plaintiff-appellant,

v.

John Jack MARTIN, Defendant-appellee.

No. 1–483A122.

Court of Appeals of Indiana,
First District.

Nov. 16, 1983.

Thomas E. Atz, Samper, Hawkins, Atz & Greuling, Indianapolis, for plaintiff-appellant.

James O. McDonald, Terre Haute, for defendant-appellee.

NEAL, Judge.

### STATEMENT OF THE CASE

Plaintiff-appellant Richard L. Skinner (Skinner) appeals a judgment of the Sullivan Circuit Court granting defendant-appellee John Jack Martin's (Martin) motion to dismiss Skinner's complaint for failure to state a claim upon which relief can be granted.

We affirm.

### STATEMENT OF THE FACTS

Skinner and Martin were co-employees of Stearns and Rogers at the Merom Generating Plant in Sullivan, Indiana on August 6, 1980. According to the complaint and Skinner's deposition, Skinner had been wiping down the engine of a crane that morning when he stopped to take a coffee break with some fellow workers. Presently Martin approached Skinner, requesting that he oil the chains because the crane was to be operated soon thereafter. Skinner agreed to oil the chains when he finished his coffee. Martin, who was walking away by this time, made a statement concerning Skinner's work habits, to which Skinner responded with an expletive directed toward Martin. Martin then walked back to where Skinner was drinking his coffee, and a further exchange of verbal insults took place. Martin then struck Skinner with his fist, on the left side of Skinner's neck and jaw, causing the personal injuries which gave rise to this cause of action.

Martin was charged with, and found guilty of battery, a Class A misdemeanor, as a result of the above altercation. Skinner received workmen's compensation benefits from their employer in connection with the same occurrence.

Skinner then brought the instant suit against Martin for damages, including medical expenses and lost wages; and punitive damages, alleging Martin acted in a willful, wanton and reckless manner in striking him.

The trial court granted Martin's motion to dismiss, which was based on the exclusivity of a remedy under the Workmen's Compensation Act and the unavailability of punitive damages against a defendant found guilty of a criminal offense arising out of the same conduct.

### ISSUES

The sole issue presented for review is whether the trial court erred as a matter of law, in dismissing Count I (for damages), and Count II (for punitive damages), of Skinner's complaint.

### DISCUSSION AND DECISION

An award of workmen's compensation is based upon statutory jurisdiction over a certain class of industrial accidents. *O'Dell v. State Farm Mutual Automobile Insurance Company,* (1977) 173 Ind.App. 106, 362 N.E.2d 862. To fall within the ambit of the Workmen's Compensation Act (Act), the accident must arise out of, and in the course of the employment. IND.CODE 22–3–2–2. The phrase "arising out of" refers to the origin and cause of the injury; "in the course of" points to the time, place and circumstances under which the accident takes place. *Armstead v. Sommer,* (1956) 126 Ind.App. 273, 131 N.E.2d 340. Accidents occurring in the performance of acts which are reasonably necessary to the life and comfort of a workman, although personal, are incidental to employment and compensible. *Vendome Hotel v. Gibson,* (1952) 122 Ind.App. 604, 105 N.E.2d 906. However, there must be a causal relationship between the employment and the injury. This connection is established when the accident arises out of a risk which a reasonably prudent person might comprehend as incidental to the work. *Wayne Adams Buick, Inc. v. Ference,* (1981) Ind.App., 421 N.E.2d 733. It is not necessary that the injury should have been expected or foreseen. *Mueller v. Klingman,* (1919) 73 Ind. App. 136, 125 N.E. 464.

There is no fixed rule establishing what is or is not a risk of employment. However, particularly relevant to our determination is the analysis set forth in *Payne v. Wall,* (1921) 76 Ind.App. 634, 637, 132 N.E. 707:

> "Where men are working together at the same work, disagreements may be expected to arise about the work, the manner of doing it, as to the use of tools, interference with one another, and many other details which may be trifling or important. Infirmity of temper, or worse, may be expected, and occasionally blows and fighting. When the disagreement arises out of the employer's work in which two men are engaged, and as a result of it one injures the other, it may be inferred that the injury arose out of the employment."

Citing *Mueller,* 73 Ind.App. at 139, 125 N.E. 464. Such employment-related assaults are not uncommon, *Ference, supra,* and the Act should be liberally construed to include them as compensible accidents. *See, Burkhart v. Wells Electronics Corp.,* (1966) 139 Ind.App. 658, 215 N.E.2d 879; *Inland Steel Co. v. Flannery,* (1928) 88 Ind.App. 347, 163 N.E. 841.

In the instant case, the assault occurred in the course of Skinner's coffee break; an act incidental to his employment. The altercation arose out of Martin's request for Skinner's help on the job. Therefore, the requirements of the Act were met; Skinner was entitled to, and did receive, workmen's compensation for his losses.

Having received compensation, two further sections of the Act become relevant to Skinner's claim for damages against

Martin, his co-employee. IND.CODE 22–3–2–6 states:

"The rights and remedies granted to an employee subject to IC 22–3–2 through IC 22–3–6 on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, his personal representatives, dependents or next of kin, at common law or otherwise, on account of such injury or death, except for remedies available under IC 16–7–3.6."

An exception to the exclusivity of an award under the Act is found in IND.CODE 22–3–2–13:

"Whenever an injury or death, for which compensation is payable under chapters 2 through 6 of this article shall have been sustained under circumstances creating in some other person than the employer *and not in the same employ* a legal liability to pay damages in respect thereto, the injured employee, or his dependents, in case of death, may commence legal proceedings against the other person to recover damages notwithstanding the employer's or the employer's compensation insurance carrier's payment of or liability to pay compensation under Chapters 2 through 6 of this article..." (Emphasis added; footnotes omitted)

In creating this exception, the legislature limited the possibility of bringing suit against individuals to those other than the employer or fellow employees. *Jackson v. Gibson,* (1980) Ind.App., 409 N.E.2d 1236. The language of "not in the same employ" specifically preserves a co-employee's immunity from common law liability for accidents found to have arisen out of and in the course of employment. *O'Dell, supra; Witherspoon v. Salm,* (1969) 251 Ind. 575, 243 N.E.2d 876.

 Having successfully collected workmen's compensation on the premise that his injuries *did* arise out of and in the course of his employment, Skinner cannot now be heard to deny they were work-related. In view of the circumstances surrounding Martin's assault on Skinner, and in consideration of the compensation paid to Skinner

under the Act, it is clear that Skinner's injuries must be deemed to have arisen out of and in the course of employment. *O'Dell, supra.* Thus, Skinner's common law action against Martin is barred by the Act. *Ward v. Tillman,* (1979) 179 Ind.App. 626, 386 N.E.2d 1003, and the trial court correctly dismissed Count I of Skinner's complaint for damages.

 Punitive damages are not available where compensatory damages are not awarded. *Baker v. American States Insurance Company,* (1981) Ind.App., 428 N.E.2d 1342; *Newton v. Yates,* (1976) 170 Ind.App. 486, 353 N.E.2d 485. Therefore, the trial court was correct in dismissing Count II of Skinner's complaint for punitive damages.

For the above stated reasons, the decision of the trial court is affirmed.

Judgment affirmed.

ROBERTSON, P.J., and RATLIFF, J., concur.