**Catherine E. CROWE, Plaintiff–Appellant,**

v.

**Norman BLUM and Marion Independent Federal Credit Union, Defendants–Appellees.**

No. 92–4128.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 14, 1993.

Decided Nov. 4, 1993.

Dean E. Richards, Indianapolis, IN (argued), for plaintiff-appellant.

James G. McIntire, M. Kent Newton (argued), Elizabeth G. Russel, Krieg, Devault, Alexander & Çapehart, Indianapolis, IN, for defendants-appellees.

Before CUMMINGS and COFFEY, Circuit Judges, and ZAGEL, District Judge.*

CUMMINGS, Circuit Judge.

■ Catherine Crowe ("Crowe") appeals from a grant of summary judgment in favor of defendant-appellee Norman Blum ("Blum"). She asserts that the district court erred in holding that Blum is immune from suit under the Indiana Workmen's Compensation Act, Ind.Code § 22–3–2–2 *et seq.* (West 1991) ("Indiana Workmen's Compensation Act").[1] The Court of Appeals reviews grants of summary judgment *de novo. Russo v. Health, Welfare & Pension Fund,* 984 F.2d 762, 765 (7th Cir.1993). Having reviewed the record in the light most favorable to Crowe, *id.,* we believe that the district

---

\* Hon. James B. Zagel of the Northern District of Illinois, sitting by designation.

1. The district court also granted summary judgment on behalf of Marion Independent Federal Credit Union, ruling that it too was immune from suit under the Indiana statute. Ms. Crowe, however, has not appealed that determination.

court correctly granted summary judgment and therefore affirm.

Catherine Crowe was an employee of Marion Independent Federal Credit Union ("Marion Credit Union") for fourteen years. On March 11, 1992, she was called into the office of Sheila Burkhart, the assistant manager of Marion Credit Union. In Ms. Burkhart's office, Norman Blum, the president and manager of Marion Credit Union, admonished Crowe regarding her attempt to change her vacation schedule. Crowe alleges that Blum talked to her in a loud, threatening tone, pointed his finger at her, and made menacing comments, including "You know I've been in the military. I know how to handle people like you," and "Look at me, look at me, I can hurt you. Do you know I can hurt you?" Complaint at 4. According to Crowe, Blum became increasingly agitated and at some point stood up—apparently moving towards Crowe—causing her to believe she was about to be struck. *Id.* at 5. Crowe alleges that Blum's actions constituted both assault and intentional infliction of emotional distress. The district court, however, never reached the merits of Crowe's allegations, but instead ruled that the sole remedy for her injuries was through the Indiana Workmen's Compensation Act.

Although one might easily imagine that an assault by a co-worker is not within the ambit of the Workmen's Compensation Act—a statute intended to provide employees a remedy for workplace *accidents*—Indiana case law indicates that such assaults are within the scope of the Act. See, e.g., *Gordon v. Chrysler Motor Co.*, 585 N.E.2d 1362 (Ind.Ct.App.1992) (injury caused when foreman struck employee during an argument concerning employee's work schedule is within ambit of Workmen's Compensation Act); *Skinner v. Martin*, 455 N.E.2d 1168 (Ind.Ct. App.1983) (injury caused by co-worker's physical assault of employee with whose work attitude he was displeased is within Workmen's Compensation Act). The Indiana Workmen's Compensation Act provides:

§ 2(a). Every employer and every employee, except as stated in IC 22–3–2 through IC 22–3–6, shall comply with the provisions [of the Act] to pay and accept compensation for personal injury or death by accident arising out of and in the course of employment, and shall be bound thereby.

\* \* \* \* \* \*

§ 6. The rights and remedies granted to an employee subject to IC 22–3–2 through IC 22–3–6 on account of the personal injury or death by accident shall exclude all other rights and remedies of such employee ..., at common law or otherwise, on account of such injury or death,....

\* \* \* \* \* \*

§ 13. Whenever an injury [otherwise within the ambit of the Act] shall have been sustained under circumstances creating in some other person than the employer and not in the same employ a legal liability to pay damages in respect thereto, the injured employee ... may commence legal proceedings against the other person to recover damages....

Ind.Code §§ 22–3–2–2, 22–3–2–6, 22–3–2–13 (West 1991). Put more succinctly, the Indiana Workmen's Compensation Act is the exclusive remedy available to injured employees if the injury suffered was (1) accidental; (2) arose out of the employment relationship; and (3) occurred in the course of employment. If the jurisdictional requirements of the Act are met, no other remedy may be had against an employer or co-worker for the injuries suffered. The Act does, however, permit injured employees to pursue common law remedies against persons other than their employers or co-workers.

Each of the above requirements has been addressed by the Indiana courts. An injury is "accidental" if it was "unexpected." *Evans v. Yankeetown Dock Corp.*, 491 N.E.2d 969, 975 (Ind.1986). To "arise out of" employment, the injury suffered must have a causal connection to the employment: a reasonably prudent person must comprehend the injury as incidental to the work undertaken. *Skinner v. Martin*, 455 N.E.2d at 1170. An injury occurs "in the course" of employment if the time, place and circumstances indicate that it was suffered while the injured employee was furthering the ends of the employer. *Fields v. Cummins*

*Employee Fed. Credit Union,* 540 N.E.2d 631 (Ind.Ct.App.1989).

■ Applying these principles to the case at the bar, the propriety of the district court's determination becomes clear. As Crowe does not contend that she had any expectation she would suffer the injury alleged, the injury is, for purposes of the Indiana Workmen's Compensation Act, accidental. Cf. *Evans v. Yankeetown Dock Corp.,* 491 N.E.2d at 975 (holding that death of employee shot by insane co-worker is "accident"); *Skinner v. Martin,* 455 N.E.2d at 1170 (treating battery by co-worker as accident for purposes of statute). Furthermore, under Indiana law, Crowe's injury "arose out of" her employment. In Indiana at least, a reasonably prudent person should anticipate that an incident of employment is an occasional battery—or, it follows, an assault—by a co-worker:

> "Where men are working together at the same work, disagreements may be expected to arise about the work, the manner of doing it.... Infirmity of temper, or worse, may be expected, and occasionally blows and fighting. When the disagreement arises out of the employer's work in which two men are engaged, and as a result one injures the other, it may be inferred that the injury arose out of the employment".... Such employment-related assaults are not uncommon ... and the Act should be liberally construed to include them as compensable accidents [i.e. within the ambit of the Act]. *Skinner v. Martin,* 455 N.E.2d at 1170 (quoting *Payne v. Wall,* 76 Ind.App. 634, 132 N.E. 707, 708 (1921)).

Similarly, the time, manner and circumstance of any injury Crowe suffered indicates that it occurred, as a matter of law, "in the course of" her employ: the alleged assault took place during working hours, at Crowe's place of work, and involved a disagreement involving Crowe's vacation schedule. The jurisdic-

tional requirements of the Workmen's Compensation Act having been met, Crowe's only remedy is under the statute and any other action against her co-worker Blum is foreclosed.

This is not to say that co-workers are, by virtue of the Workmen's Compensation Act, necessarily immune from suit in all instances. As Crowe correctly points out, a number of Indiana courts have allowed injured employees to pursue actions against co-workers whose tortious conduct is not "work-related" even though the conduct at issue occurred during work hours.[2] Thus in *Fields v. Cummins Employee Fed. Credit Union,* the court allowed the plaintiff to bring a civil action against a co-worker who had sexually harassed and assaulted her: the court determined that it was "inconceivable that [such sexual] acts ... could be for the benefit of the employer. Therefore, [the co-worker's] acts did not arise out of his employment and he was not immune from suit...." *Fields v. Cummins Employee Fed. Credit Union,* 540 N.E.2d at 638. Similarly, in *Martin v. Powell,* the court held that an injured employee could bring an action against a co-worker who had injured her while engaging in horseplay—the co-worker's tomfoolery was by definition outside the course of his employment. *Martin v. Powell,* 477 N.E.2d 943, 946 (Ind. Ct.App.1985). None of this, however, changes the outcome in this case. Here, regardless of Crowe's contentions to the contrary, Blum's actions were work-related. Crowe concedes as much in her complaint: she repeatedly alleges that Blum was acting within the scope of his employment. Complaint at 2, 9, 11. Even if this concession were ignored the result would be the same. Blum's alleged tirade was not in furtherance of personal ends. Rather, Blum acted in his capacity as manager of the Marion Credit Union: the meeting took place during work hours, in a company office, and addressed a work issue, Crowe's vacation schedule.

---

**2.** A recent Indiana Court of Appeals case calls this line of cases—all Court of Appeals cases—into question. In *Weldy v. Kline,* the court declined to follow "those cases which expose a co-employee to liability [under the Workmen's Compensation Act] based upon the non-job-related nature of his actions." *Weldy v. Kline,* 616

N.E.2d 398, 403 (discussing *Fields v. Cummins Employee Fed. Credit Union* and *Martin v. Powell*). As the exception to co-employee immunity developed in *Fields* and *Martin* does not apply in this instance, see *infra,* this conflict of authority need not be resolved here.

Since Crowe's injuries are within the scope of Indiana's Workmen's Compensation Act, her remedy lies exclusively in that Act. Since summary judgment was properly granted, the district court's ruling is affirmed.