**Wesley E. NELSON and Marianne Nelson, Appellants–Plaintiffs,**

v.

**Gregory DENKINS, Appellee–Defendant.**

No. 76A03–9204–CV–121.

Court of Appeals of Indiana,
Third District.

Aug. 24, 1992.

John S. Knight, Parrish & Knight, Fort Wayne, for appellants-plaintiffs.

Mark A. Garvin, Richard P. Steele, Barnes & Thornburg, Fort Wayne, for appellee-defendant.

HOFFMAN, Judge.

Appellants-plaintiffs Wesley E. and Marianne Nelson appeal the trial court's grant of summary judgment to Gregory Denkins.

Three issues are raised for review:

(1) whether Wesley Nelson was barred under the Worker's Compensation Act from suing Denkins individually;

(2) whether Marianne Nelson's loss of consortium claim against Denkins is barred if Wesley's claim against Denkins is barred; and

(3) whether the trial court erred in striking the Nelsons' verified statement in opposition to Denkins' motion for summary judgment.

In reviewing a motion for summary judgment, this Court must determine whether there is a genuine issue of material fact and whether the law has been correctly applied by the trial court. *Snider v. Bob Heinlin Concrete Const. Co.* (1987), Ind.App., 506 N.E.2d 77, 80. The trial court's judgment will be affirmed if sustainable on any theory found in the record. *Id.* A moving party is entitled to judgment as a matter of law if the pleadings, depositions, answers to interrogatories, admissions and affidavits, together with any testimony, do not reveal a genuine issue of material fact. Ind.Trial Rule 56(C).

The facts relevant to this appeal reveal that on February 23, 1989, at approximately 9:30 P.M., Wesley Nelson was finishing his shift at Consolidated Freightways in Fremont, Indiana, as a window dispatcher. Gregory Denkins, an assistant terminal manager at Consolidated, was beginning his shift.

Nelson noticed Denkins in the dock office looking at a report. He approached Denkins and told him "about the amount of trucks that were coming in in the next hour." Denkins stood up and walked over to the linehaul office. Nelson followed. Denkins walked into the office and Nelson remained in the doorway. Denkins asked Logan, another employee at Consolidated, "[w]hat are you still doing here? Get out of here, get him out of here." Denkins then left the room, walking past Nelson. However, Denkins suddenly pushed Nelson into the room saying "get back to work." Afterwards, Denkins walked into the room and pushed Nelson on the shoulder again saying "no, just get out of here." Shortly thereafter, Logan and Nelson left Consolidated.

The next morning, Nelson had pain in his right shoulder, back, neck and head. The pain was so extreme he had difficulty getting out of bed. Nelson called his supervisor, Mr. Rykard, and told him what had happened. Rykard told him to report to the company doctor.

Nelson applied for worker's compensation benefits. He has not yet received any benefits as the matter is on appeal.

The Nelsons filed a complaint against Denkins on February 22, 1991. Denkins filed a motion for summary judgment. The trial court granted Denkins' summary judgment motion.

The Worker's Compensation Act covers accidents that arise out of and in the course of employment. IND.CODE § 22-3-2-2(a) (1991 Supp.). An accident means the employee has received an unexpected injury. *Evans v. Yankeetown Dock Corp.*

(1986), Ind., 491 N.E.2d 969, 975. "The phrase 'arising out of' refers to the origin and cause of the injury; 'in the course of' points to the time, place and circumstances under which the accident takes place." *Skinner v. Martin* (1983), Ind.App., 455 N.E.2d 1168, 1170.

■ In *Skinner, id.*, a case similar to this one, Skinner, the plaintiff, had stopped work for a coffee break and was approached by Martin, a co-employee, who requested that Skinner oil machinery that would soon be operated. When Skinner replied that he would when he finished his coffee, Martin made a statement regarding Skinner's work habits. Skinner responded with an expletive directed toward Martin. Martin and Skinner engaged in an exchange of verbal insults that resulted in Martin striking Skinner with his fist.

Skinner brought an action against Martin for damages, but the trial court dismissed the action. The Court, quoting *Payne v. Wall*, (1921) 76 Ind.App. 634, 132 N.E. 707, stated the following regarding work related disputes:

> " 'Where men are working together at the same work, disagreements may be expected to arise about the work, the manner of doing it, as to the use of tools, interference with one another, and many other details which may be trifling or important. Infirmity of temper, or worse, may be expected, and occasionally blows and fighting. When the disagreement arises out of the employer's work in which two men are engaged, and as a result of it one injures the other, it may be inferred that the injury arose out of the employment.' "

*Id.* at 1170. Since the assault occurred while Skinner was on his coffee break, the incident occurred "in the course of" his employment. Furthermore, the altercation arose out of Martin's request for Skinner's help on the job. Since the incident was covered by the Worker's Compensation Act, Skinner was precluded from suing Martin individually by the act's exclusivity provision. *See* IND.CODE § 22–3–2–6.

In this case, Nelson was struck while still working, albeit just finishing his shift;

therefore, the incident occurred "in the course of" his employment. Secondly, the evidence supports a finding that Nelson's injuries arose out of his employment. Nelson had told Denkins about the amount of trucks that would be arriving and thereafter, the two walked to the linehaul office where Denkins told Nelson to "go back to work" and then to "just get of here" while pushing him twice. This certainly creates an inference that the incident was work related.

Nelson speculates that there may have been a non-work purpose in Denkins' actions. However, this remains speculative as there is absolutely no evidence to support this contention. It was necessary for Nelson to produce some specific facts showing that there was a genuine issue for trial. Ind.Trial Rule 56(C). Nelson did not satisfy this criterion.

Furthermore, it was not necessary, as Nelson contends, for Nelson and Denkins to engage in a fist fight for the *Skinner* decision to apply. The fact situation need not be identical for the rationale to apply. It is sufficient that the assault arose out of and in the course of Nelson's employment. *See Evans v. Yankeetown Dock Corp.*, at 976 (death of employee who arrived at work at usual time, paused for coffee at eating area provided for employees, and was shot by an insane fellow-employee, was a death by accident, arising out of and in the course of employment).

Since Nelson's claim falls within the parameters of the Worker's Compensation Act, the exclusivity provision of the act is applicable:

> "The rights and remedies granted to an employee subject to IC 22–3–2 through IC 22–3–6 on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, his personal representatives, dependents or next of kin, at common law or otherwise, on account of such injury or death, except for remedies available under IC 16–7–3.6."

IND.CODE § 22–3–2–6 (1988 Ed.). This section bars Nelson from filing a tort claim

against Denkins individually. Nelson's remedy is limited to compensation under the Worker's Compensation Act.

Nelson attempts to avoid this exclusivity provision by claiming that the exception to exclusivity contained in IND. CODE § 22–3–2–13 (1988 Ed.) applies to him. This section provides that a claimant may rightfully proceed at common law against a third party tort-feasor not in the same employ.

"Whenever an injury or death, for which compensation is payable under chapters 2 through 6 of this article shall have been sustained under circumstances creating in some other person than the employer and *not in the same employ* a legal liability to pay damages in respect thereto, the injured employee, or his dependents, in case of death, may commence legal proceedings against the other person to recover damages...." (Emphasis added.)

In *Ward v. Tillman* (1979), 179 Ind.App. 626, 386 N.E.2d 1003, the Court stated that the test to determine if the parties are "in the same employ" is whether or not the denominated defendant could obtain compensation benefits in the same or similar circumstances. *Id.* at 631, 386 N.E.2d at 1005. Additionally, "in the same employ" does not mean a defendant is immune from a common-law tort suit merely because he has the same employer. There must be a showing that the defendant was acting in the course of his employment, *Martin v. Powell* (1985), Ind.App., 477 N.E.2d 943, 945, and the incident arose out of the tort-feasor's employment, *Fields v. Cummins Emp. Fed. Credit Union* (1989), Ind.App., 540 N.E.2d 631, 638. If Denkins had been pushed by Nelson, he would have been entitled to worker's compensation benefits. Both were employees of Consolidated and the incident arose out of and in the course of their employment.

Nelson's cited case law does not persuade this Court otherwise. In *Martin*, plaintiff was working at a nurse's station at the hospital when an orderly sneaked up behind her and pulled the chair out from under her. Martin fell to the floor and was injured. The evidence revealed that the orderly, Powell, had intended to "break up the monotony of their work" by wheeling Martin around the emergency room. *Id.* at 944. The Court held that Powell's engagement in horseplay was not in the course of his employment. The *Skinner* case was distinguished since the evidence in *Skinner, supra,* revealed the altercation began over a work-related issue.

There is no evidence of "horseplay" in this case. Denkins' statements to Nelson to "go back to work" and "just get out of here" as he shoved Nelson support a finding that the incident was work related.

Equally inapplicable is the decision in *Fields, supra.* Taylor was claiming immunity under IND.CODE § 22–3–2–6 and 22–3–2–13 for his acts of sexual harassment towards Fields. The Court stated:

"We find it inconceivable that acts of sexual harassment or assault could be for the benefit of the employer. Therefore, Taylor's [the harasser] acts did not arise out of his employment and he is not immune from suit under I.C. § 22–3–2–6 and 22–3–2–13."

*Id.* at 638. Unlike sexual harassment, which clearly has no possible relationship to the performance of employment duties, work-related disputes and disagreements have been recognized by Indiana courts as a consequence of the employment relationship. *See Skinner, supra.*

In *Seiler v. Grow* (1987), Ind.App., 507 N.E.2d 628, the trial court's grant of summary judgment to Grow was reversed. There was conflicting evidence presented as to whether Grow was acting in the course of his employment at the tavern which he owned. One version showed that Grow was demonstrating the operation of a pistol to Seiler when it discharged injuring Seiler. If Grow was showing the pistol to Seiler in order to teach her how to use it if necessary at work, then Grow was acting within the course of his employment. However, if Grow was demonstrating or exhibiting the pistol to another person as a prospective purchaser, he was not acting within the course of his employment. Therefore, a question of fact existed as to

whether Grow was acting in the course of his employment.

In this case, there is only one version of the facts surrounding the incident in question, as defendant accepted plaintiffs' version of the facts as true for purposes of his motion for summary judgment. That version leads to the conclusion that the incident was work related.

Finally, Nelson cites *Armstead v. Sommer* (1956), 126 Ind.App. 273, 131 N.E.2d 340, for the proposition that an employee who is the aggressor in a fight and is injured as a result thereof may not recover worker's compensation for his injury. However, this proposition has no relevance to the case at hand. The alleged aggressor, Denkins, is not attempting to recover worker's compensation benefits.

The trial court not only granted summary judgment against Wesley Nelson but also against Marianne Nelson. The Nelsons argue that Marianne's loss of consortium claim is an independent cause of action against Denkins and, therefore, her claim does not fail just because her husband's claim is unsuccessful.

■ A claim of a loss of consortium is derivative in nature:

"... [A] cause of action for loss of consortium derives its viability from the validity of the claim of the injured spouse against the wrongdoer. Where, for example, the claim of the injured spouse against the alleged tort-feasor has been abrogated by statute, the right of the other spouse to recover for loss of consortium cannot exist."

*Arthur v. Arthur*, (1973) 156 Ind.App. 405, 406, 296 N.E.2d 912, 913.

In discussing the *Arthur* case, the Court in *Bender v. Peay* (1982), Ind.App., 433 N.E.2d 788, determined that the appropriate inquiry is "... whether the *injured spouse's* claim was abrogated by statute. If it was so abrogated, the loss of consortium claim would be invalid because of its derivative nature." *Id.* at 791.

■ The Court in *Greene v. Westinghouse Elec. Corp.* (1991), Ind.App., 573 N.E.2d 452, similarly precluded a spouse's loss of consortium claim against the injured spouse's employer because the injured spouse was prevented by the exclusivity clause of the Worker's Compensation Act, IND.CODE § 22-3-2-6, from adjudicating the issue of fault:

"Construing § 6 as no bar to loss of consortium actions would upend [the intent of the legislature to create a no-fault system for workplace injuries], because the loss of consortium action would necessarily inject the question of fault—although a loss of consortium action is to some degree independent of any underlying action, *see Rosander v. Copco Steel & Engineering Co.* (1982), Ind.App., 429 N.E.2d 990, *trans. denied,* it is cardinal that the loss of consortium plaintiff cannot prevail without proving the defendant's negligence-based liability for the underlying injury."

*Id.* at 455.

The Nelsons rely on *Rosander, supra,* to support their contention that Marianne may continue with her loss of consortium claim despite the judgment against Wesley. However, *Rosander* is distinguishable. The *Rosander* Court held that one spouse's settlement and release of his personal injury action does not bar the other spouse from suing for loss of consortium where she was not a party to the settlement and had no notice of it. There was no adjudication of liability or non-liability in that case. *Rosander* does not stand for the proposition that where the employee's claim is barred by the exclusivity provision, the spouse may still pursue an independent cause of action for loss of consortium.

The exclusivity provision of the Worker's Compensation Act, IND.CODE § 22-3-2-6, abrogates Wesley Nelson's claim against Denkins and thereby renders Marianne Nelson's loss of consortium claim invalid.

■ Lastly, the Nelsons argue that the trial court erred in striking their verified statement in opposition to defendant's motion for summary judgment. Alternatively, they argue that if the trial court correctly struck the statement, then the

trial court should have also struck defendant's reply memorandum.

The sequence of events in this case is as follows:

> *August 26, 1991*—Defendant, Denkins, filed his motion for summary judgment; trial court sets hearing on motion for November 8, 1991.
>
> *September 26, 1991*—Nelsons file their response in opposition of the motion for summary judgment.
>
> *November 5, 1991*—Denkins files reply memorandum in support of motion for summary judgment.
>
> *November 8, 1991*—Hearing was held on motion.
>
> *December 3, 1991*—Nelsons file verified statement in opposition to Denkins motion for summary judgment.
>
> *December 4, 1991*—Denkins files motion to strike verified statement in opposition to motion for summary judgment.
>
> *December 16, 1991*—Nelsons file response to Denkins' motion to strike.
>
> *January 3, 1992*—Trial court grants Denkins' motion to strike.
>
> *January 6, 1992*—Trial court grants Denkins' motion for summary judgment.

To begin with, the trial court correctly granted Denkins' motion to strike the verified statement offered by the Nelsons on December 4, 1991. Ind.Trial Rule 56(C) provides that an adverse party has "thirty (30) days after service of the motion [for summary judgment] to serve a response and any opposing affidavits." The Nelsons' verified statement was filed over two months past the deadline and after the hearing on the motion for summary judgment. *See Larr v. Wolf* (1983), Ind.App., 451 N.E.2d 664 (where plaintiff's affidavit in opposition to summary judgment motion was tendered on day of hearing, rather than prior to it, trial court properly denied filing as being untimely).

The Nelsons argue that they had thirty days after Denkins filed his reply memorandum. This is not in accordance with T.R. 56(C) which specifically states that the response shall be filed within thirty days after the *motion* for summary judgment is filed. *Id.* It is true, as the Nelsons note,

that T.R. 56 does not provide for the filing of a reply memorandum. However, there is no harm shown. In determining a motion for summary judgment, the trial court may only look to a brief for propositions of law, not for facts. *Glosser et al. v. New Haven* (1971), 256 Ind. 33, 267 N.E.2d 67; *Vanco v. Sportsmax, Inc.* (1983), Ind.App., 448 N.E.2d 1198. The reply memorandum was filed to explain additional legal authority. No new facts were offered. Furthermore, the hearing was held after the reply memorandum was filed. The Nelsons did not have any objection to the reply memorandum until Denkins filed his motion to strike their statement as untimely filed. The Nelsons were responsible for asserting a material issue of fact which precluded summary judgment. The reply memorandum in no way affected this burden. Therefore, the trial court committed no error in refusing to strike the reply memorandum.

Affirmed.

GARRARD and STATON, JJ., concur.