CLOVERLEAF APARTMENTS, INC. and Jerry Powell, Appellants–Plaintiffs,

v.

TOWN OF EATON, Appellee–Defendant.

No. 27A02–9402–CV–72.

Court of Appeals of Indiana, Second District.

Oct. 24, 1994.

Stan G. Wyrick, Muncie, for appellants.

Dale W. Eikenberry, Wooden McLaughlin & Sterner, Indianapolis, for appellee.

## OPINION

FRIEDLANDER, Judge.

Cloverleaf Apartments, Inc. (Cloverleaf), and Jerry Powell (Powell) appeal the grant of summary judgment entered in favor of the Town of Eaton, Indiana.

We affirm.

The facts most favorable to Cloverleaf, the nonmoving party, are that Powell is a general contractor who has built and remodeled several buildings in Eaton. In 1988, Powell purchased land and approached the Eaton town council with a plan for developing duplexes on that property. The land was subsequently annexed to Eaton, with an understanding that Powell would proceed with the project. Powell then became the incorporator and sole shareholder of Cloverleaf, in anticipation of creating the duplexes for rental apartment use.

Powell, as president of Cloverleaf, presented the Eaton town council with a written agreement allegedly covering matters regarding the proposed development project. The purported contract was never executed or agreed upon by the council. In November, 1989, the council met to discuss the extension of sewer and water lines regarding the project. Eaton eventually began constructing the sewer extensions and water lines to the real estate.

It was later discovered that a "sewer ban" had been implemented by the Indiana Department of Environmental Management (IDEM), which prohibited the connection of new sewer outlets serving multi-family units in Eaton. Eaton had been under the impression that the ban did not apply to the town in regards to the project. In March, 1990, IDEM issued a directive to the town enforcing the sewer ban. Cloverleaf was presented with a letter from the town ordering it to stop additional construction.

By the time Cloverleaf received the letter, it had completed construction on one of the buildings. In light of the sewer ban, Cloverleaf had to install a septic system which resulted in added expense. The remaining ground was also pre-empted from being used for duplex apartment construction purposes.

Cloverleaf and Powell filed a complaint for damages against Eaton on May 22, 1991, alleging breach of contract and fraud. Eaton moved for summary judgment on June 8, 1993. The trial court heard arguments on the motion on September 28, 1993. On that day, Cloverleaf filed a brief opposing Eaton's motion. The brief contained a statement of facts and a section entitled "Plaintiff's Theories For Relief." Record at 233–40. Cloverleaf had not filed a motion for an enlargement of time. At the hearing, Eaton orally moved to strike the brief alleging that it was untimely filed. The trial court took the matter under advisement, and on October 15, 1993, summary judgment was entered for Eaton:

> "[Cloverleaf] has designated no material issues of fact nor has it made any indication to the Court of any material upon which it relied to oppose Defendant's Motion for Summary Judgment. Defendant, on the other hand, filed with its Motion for Summary Judgment, a designation of evidence in support of its Motion for Summary Judgment including a deposition and

two affidavits together with supporting materials.

.    .    .    .    .

The Court having considered the arguments of counsel and the evidence designated by the Defendant now finds there is no genuine issue of material fact to support any of the theories contained in Plaintiff's Complaint against Defendant. Accordingly, the Court sustains Defendant's Motion for Summary Judgment and orders that judgment as a matter of law be entered in favor of Defendant and against Plaintiffs and that Plaintiffs take nothing by way of their Complaint against Defendant."

*Record* at 242–43.

Cloverleaf appeals and presents the following issue:

Did the trial court properly grant summary judgment in favor of Eaton?

■ In reviewing a motion for summary judgment, this court must determine whether there is a genuine issue of material fact and whether the law has been correctly applied by the trial court. *Nelson v. Denkins* (1992), Ind.App., 598 N.E.2d 558; *Snider v. Bob Heinlin Concrete Const. Co.* (1987), Ind.App., 506 N.E.2d 77, *trans. denied.* The trial court's judgment will be affirmed if sustainable on any theory found in the record. *Nelson, supra.* A moving party is entitled to judgment as a matter of law if the pleadings, depositions, answers to interrogatories, admissions and affidavits, together with any testimony, do not reveal a genuine issue of material fact.

■ Ind.Rules of Procedure, Trial Rule 56(C) provides that an adverse party has "thirty (30) days after service of the motion [for summary judgment] to serve a response and any opposing affidavits." We reject Cloverleaf's argument that T.R. 56(C) permits a party to file its designation of evidence and/or material issues of fact *at any time.* Cloverleaf did not file its brief opposing Eaton's motion for summary judgment until the day of the hearing. It never designated any evidence to the trial court which would alleg-

edly preclude the entry of summary judgment in Eaton's favor.

T.R. 56 provides in relevant part as follows:

"(B) **For Defending Party—When Motion Not Required.**

A party against whom a claim … is asserted or a declaratory judgment is sought may, at any time, *move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof.*

(C) **Motion and Proceedings Thereon.**

The motion and any supporting affidavits shall be served in accordance with the provisions of Rule 5. *An adverse party shall have thirty (30) days after service of the motion to serve a response and any opposing affidavits.* The court shall conduct a hearing on the motion which shall be held not less than ten (10) days after the time for filing the response. *At the time of filing the motion or response, a party shall designate to the court all parts of the pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion. A party opposing the motion shall also designate to the court each material issue of fact which that party asserts precludes entry of summary judgment and the evidence relevant thereto.*"

In light of the above, it is clear to us that the "response" contemplated by T.R. 56 would require the inclusion of Cloverleaf's designation of evidence and material issues of fact within thirty days after Eaton's motion for summary judgment was served.

This court decided a similar issue in *Nelson.* In that case, Denkins (the defendant) filed a motion for summary judgment on August 26, 1991. The Nelsons filed a timely response, but after the summary judgment hearing, Nelson filed a statement opposing the motion on December 3. The statement was filed well after the thirty-day limit. Denkins then moved to strike Nelson's statement. The trial court granted Denkins's motion to strike and also granted the summary

judgment motion. In affirming, this court observed:

> "To begin with, the trial court correctly granted Denkins' motion to strike the verified statement offered by the Nelsons on December 4, 1991. *Ind.Trial Rule 56(C) provides that an adverse party has 'thirty (30) days after service of the motion [for summary judgment] to serve a response and any opposing affidavits....'*
>
> The Nelsons argue that they had thirty days after Denkins filed his reply memorandum. *This is not in accordance with T.R. 56(C) which specifically states that the response shall be filed within thirty days after the motion for summary judgment is filed."*

*Id.* at 564 (emphasis supplied).

As in *Nelson,* Cloverleaf failed to file its brief, designation of evidence, and material issues of fact in a timely fashion required by T.R. 56(C). It was therefore proper for the trial court to exclude consideration of Cloverleaf's brief which was filed over three months after Eaton filed its motion for summary judgment. *Nelson, supra.*

■ We also observe that Cloverleaf has failed to set forth any argument in its appellate brief as to what genuine issues of material fact existed and why the trial court made an erroneous decision as a matter of law in granting summary judgment to Eaton. In *O'Donnell v. American Employers Ins. Co.* (1993), Ind.App., 622 N.E.2d 570, *trans. denied,* this court determined that an appellant must persuade the reviewing court that the trial judge erroneously determined that no genuine issue of material fact existed, and that the trial court erroneously determined that the moving party was entitled to judgment as a matter of law. This standard was succinctly set forth in *Rosi v. Business Furniture Corp.* (1993), Ind., 615 N.E.2d 431:

> "On appeal a trial court's grant of summary judgment is 'clothed with a presumption of validity' [citation omitted]. The appellant bears the burden of proving that the trial court erred in determining that there are no genuine issues of material fact

and that the moving party was entitled to judgment as a matter of law."

*Id.* at 434.

Even if the trial court should have considered Cloverleaf's brief filed in opposition to Eaton's motion, it was incumbent upon Cloverleaf to present argument in its appellate brief demonstrating why the trial court erred, what the material issues of fact were, and how the trial court erred in granting Eaton's motion. *Id.* Cloverleaf fails to present such argument, and we only consider the issues which are actually raised in the appellate brief. *See National By–Products, Inc. v. Ladd* (1990), Ind.App., 555 N.E.2d 518; *see also* Ind.Rules of Procedure, Appellate Rule 8.3(A)(7).

Cloverleaf's only argument on appeal is whether the trial court erred in refusing to consider its brief in opposition to Eaton's motion for summary judgment. Cloverleaf has failed to demonstrate how it was harmed or prejudiced by the trial court's refusal to consider that brief. Cloverleaf has therefore waived any claim for relief, and we conclude that the trial court properly granted Eaton's motion for summary judgment.

Judgment affirmed.

KIRSCH and CHEZEM, JJ., concur.