**Marla NEIDIGE, Appellant–Plaintiff,**

**v.**

**CRACKER BARREL, Appellee–Defendant.**

**No. 93A02–9904–EX–248.**

Court of Appeals of Indiana.

Nov. 17, 1999.

Rehearing Denied Feb. 1, 2000.

Daniel C. McCarthy, Greenwood, Indiana, Attorney for Appellant.

Kathleen K. Shortridge, Ice Miller Donadio & Ryan, Indianapolis, Indiana, Attorney for Appellee.

## OPINION

STATON, Judge

Marla Neidige appeals the Indiana Worker's Compensation Board's (the

Board) denial of her application for adjustment of claim. Neidige raises one issue on appeal, which we restate as: whether the Board's conclusion that Neidige was engaged in horseplay at the time of her injury is supported by the evidence.

We reverse and remand.

The facts most favorable to the Board's findings reveal that Neidige slipped and fell while working as a waitress at a Cracker Barrel restaurant. Steven Smart, the restaurant's manager at the time of the incident, was not present when Neidige fell, but he conducted an investigation into the surrounding circumstances. This investigation revealed that Neidige, in response to a dare, jumped onto a tray that another employee had thrown on the floor. The tray slipped, and Neidige fell. Smart later disciplined the co-worker who had thrown the tray onto the ground for participating in "horse play," and he obtained a written statement from a second co-worker who indicated that Neidige had been "playing around" at the time she jumped on the tray. The Board concluded that Neidige was engaged in horseplay at the time she was injured; therefore, it denied her claim. This appeal ensued.

■ Neidige argues that the Board's conclusion that she was engaged in horseplay at the time of her injury is erroneous. It is the duty of the Board, as the trier of fact, to make findings that reveal its analysis of the evidence and are specific enough to permit intelligent review of the Board's decision. *K–Mart Corp. v. Morrison,* 609 N.E.2d 17, 27 (Ind.Ct.App.1993), *trans. denied.* We will not reweigh the evidence or assess the credibility of witnesses. *Id.* We employ a two-tiered standard of review. We will review the evidence in the record to see if there is any competent evidence of probative value to support the Board's findings and then examine the findings to see if they are sufficient to support the decision. *Id.* We will consider only the evidence most favorable to the award, including any and all reasonable inferences deductible from the proven facts. *Id.*

■ The Worker's Compensation Act covers accidents that arise out of and in the course of employment. IND.CODE § 22–3–2–2 (1998); *Nelson v. Denkins,* 598 N.E.2d 558, 560 (Ind.Ct.App.1992). "When an injury results from horseplay, a participant in the horseplay is not entitled to workmen's compensation, because his acts were not for the benefit of the employer, and therefore did not arise out of the employment." *Fields v. Cummins Employees Fed. Credit Union,* 540 N.E.2d 631, 638 (Ind.Ct.App.1989). The injured person must have been an active participant in the horseplay, and not merely an innocent victim. *Id.*

Neidige testified that she slipped on a tray while a co-worker was arguing with her about work-related responsibilities. Neidige testified that she did not know the tray was on the floor. The Board found that Neidige's testimony regarding these events was not credible. We may not review this determination. *K–Mart Corp.,* 609 N.E.2d at 27.

■ The Board did find the testimony of Smart to be credible. The Board also found that the exhibits presented by Cracker Barrel at the hearing supported Smart's testimony. Again, we may not review the Board's determinations regarding the credibility of witnesses and the weight to be given the evidence. *Id.* Nevertheless, when the issue is properly preserved and raised, we must review the evidence that supports the Board's findings to determine whether it is competent. *Id.*

If all of the evidence regarding the circumstances that led to Neidige's injury were competent, it would be sufficient to support the Board's conclusion that Neidige was an active participant in horseplay. That evidence reveals that Neidige and a co-worker were playing around, that the co-worker threw a tray on the ground, and in response to a dare Neidige jumped on the tray. However, Neidige contends that

**444**

the Board erred by relying on inadmissible hearsay to support its findings, and ultimately, to support its conclusion that she engaged in horseplay.

█ It is well established that the Board may not base its decisions solely upon inadmissible hearsay. *C.T.S. Corp. v. Schoulton*, 270 Ind. 34, 383 N.E.2d 293, 296 (1978); *K–Mart Corp.*, 609 N.E.2d at 26; *Brown Tire Co. v. Underwriters Adjusting Co.*, 573 N.E.2d 901, 903 (Ind.Ct. App.1991). There must be a "minimum level of reliability" present in the evidence considered by the Board. *K–Mart Corp.*, 609 N.E.2d at 26. However, inadmissible hearsay must be objected to in order to preserve the issue for review. *Brown Tire Co.*, 573 N.E.2d at 903. Incompetent evidence may support the Board's findings where there is no objection. *C.T.S. Corp.*, 383 N.E.2d at 297.

The evidence that Neidige was engaged in horseplay essentially consists of three items: Smart's testimony regarding his investigation of the incident, a disciplinary report of the co-worker who threw the tray on the ground, and a written statement from a second co-worker who witnessed the incident. Neidige objected on hearsay grounds to Smart's testimony and the written statement from the second co-worker. She did not object to the disciplinary report.

█ Standing alone, the disciplinary report does not support the Board's horseplay conclusion. The disciplinary report stated: "Shannon [the co-worker] was horse playing on the waitline. She threw her server tray on the ground and another employee Marla Neidige jumped on the tray (also horse play) and fell backwards." Record at 258. Smart's conclusion within the report that the behavior was "horse play" is of no importance in determining whether Neidige's injury resulted from horseplay as a matter of law. Ignoring the conclusory language, the bare facts contained in the report are that Neidige jumped on a tray that had been thrown on

the ground by a co-worker. We do not believe that a fact-finder can determine the context of the incident from these facts alone. It would require conjecture and speculation to determine that Neidige jumped on the tray on a dare or while "playing around." Therefore, the context provided by the other evidence—Smart's testimony and the written statement from the co-worker—is necessary to support the Board's conclusion.

█ Smart did not witness the incident; his investigation consisted of interviewing other witnesses. He used the witnesses' statements to conclude that Neidige had jumped on a serving tray in response to a dare from a co-worker. Smart's testimony as to the circumstances surrounding Neidige's injury was hearsay, as he was in essence repeating the out-of-court statements made by others for the purpose of proving the truth of the matter contained therein. *See* Ind. Evidence Rule 801(c). Neidige objected at the hearing that this testimony was hearsay, and Cracker Barrel argued that it was admissible pursuant to the business records exception. The hearing officer admitted the testimony. The business records exception permits a "memorandum, report, record, or data compilation" kept in the regular course of business to be admitted under certain circumstances. Ind. Evidence Rule 803(6). Cracker Barrel did not offer a memorandum, report, record, or data compilation; it offered Smart's testimony regarding his investigation of the incident. This testimony was not admissible pursuant to the business records exception. *See* 13 Robert Lowell Miller, Jr., Indiana Practice, Indiana Evidence § 803.106, n. 2 (2nd ed.1995) (exception does not apply to oral statements not recorded in a business record). Thus, this evidence was inadmissible hearsay, properly objected to, and cannot be used to support the Board's conclusion regarding horseplay.

█ Next, Cracker Barrel offered a written statement from a second co-worker

who witnessed the incident and who stated that Neidige was "playing around" when she jumped on the tray. Record at 261. Neidige objected that it was hearsay. Cracker Barrel did not argue that it was admissible pursuant to a particular exception. Nevertheless, the hearing officer admitted it. The written statement was hearsay, *see* Evid. R. 801(c), and it was not admitted pursuant to an exception. This statement cannot be used to support the Board's conclusion.

The only evidence properly considered by the Board was the disciplinary report. As indicated, this evidence was insufficient to support the Board's conclusion that Neidige was engaged in horseplay. Accordingly, the Board erred by denying Neidige's claim based upon this conclusion.

Reversed and remanded.[1]

NAJAM, J., concurs.

RUCKER, J., concurs in result.

---

1. Cracker Barrel notes that Neidige bore the burden of proving that she suffered an injury as a result of an accident arising out of and in the course of her employment, *see Roebel v. Dana Corp.*, 638 N.E.2d 1356, 1358 (Ind.Ct. App.1994), and that the Board specifically found that her testimony regarding the circumstances of her injury was not credible. Based upon this lack of credibility, Cracker Barrel concludes that Neidige has not met her burden of proof on the elements of her claim. The Board entered findings and conclusions only regarding the horseplay issue. On remand, the Board may well conclude that Neidige has not met her burden, but it is the Board's obligation to make these determinations in the first instance.