## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 26 2019, 6:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Nathan B. Maudlin
Randal M. Klezmer
Klezmer Maudlin, P.C.
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Martin T. Spiegel
Spiegel & Cahill, P.C.
Hinsdale, Illinois

# IN THE
# COURT OF APPEALS OF INDIANA

Andrew Hall,

*Appellant,*

v.

Habitat for Humanity of Grant County, Inc.,

*Appellee.*

December 26, 2019

Court of Appeals Case No.
19A-EX-1443

Appeal from the Indiana Worker's Compensation Board

The Honorable Linda Peterson Hamilton, Chairperson

Application Number: C-239351

**Bradford, Judge.**

# Case Summary

Andrew Hall appeals the decision of the Indiana Worker's Compensation Board ("the Board") denying his claim for worker's compensation, after he sustained injuries from a firework explosion while working for Habitat for Humanity of Grant County, Inc. ("Habitat"). Hall contends that the Board erred by concluding that his injuries did not arise out of and in the course of his employment. We affirm.[1]

# Facts and Procedural History

On August 7, 2015, Hall and Alonzo Hill were employees of Habitat, which operated a resale shop. Hall and Hill were instructed to retrieve items donated by Ron Vielee. Vielee previously operated a fireworks and Halloween store out of a warehouse and decided to donate a sign and desk to Habitat after selling the warehouse to CVS Systems. Hall and Hill loaded the sign and desk into Hall's truck, and, at some point, Hall came into possession of an ammunition box containing fireworks called Talons. Hall testified that the Talons were given to him by Vielee; however, Vielee denied giving the Talons to Hall. Hall removed the Talons from the ammunition box and placed them in his lunch pail, which sat atop the center console of his vehicle. As Hall drove the donations back to Habitat, he removed one of the Talons from his lunch pail.

---

[1] On November 11, 2019, Appellee moved to amend its brief, a motion which we now grant.

As Hall held the Talon in his left hand, Hill was smoking a cigarette, and Hall was either holding or smoking a cigarette. Hill reminded Hall to be careful not to light the Talon because they knew someone who had recently died due to an incident involving fireworks. Following Hill's warning, Hall heard the passenger-side window being rolled down and the firework exploded. Hill heard the sudden explosion and Hall screaming. Hill managed to steer the vehicle into a Dollar General parking lot and emergency personnel arrived to transport Hall to the hospital, who had suffered severe injuries to his left hand.

[3] On August 7, 2017, Hall filed an application for adjustment of claim for worker's compensation. Following a hearing, on February 1, 2019, a single hearing member concluded that Hall's injuries did not arise out of and in the course of his employment for purposes of the Indiana Worker's Compensation Act ("WCA"). Hall sought review of his application by the Board, which upon review affirmed the single hearing member's conclusion on June 12, 2019. In doing so, the Board concluded that

> 16. The weight of the evidence is that the accidental injuries sustained on August 7, 2015 did not arise out of [Hall's] employment. In reaching this conclusion, the Board notes discrepancies in the factual evidence. For example, there is a dispute as to whether the Talons were collected with Mr. Vielee's approval or whether [Hall] "improperly removed" them. [Hall's] description of the details leading up to the explosion, including his assertion as to how the Talon's fuse was lit while he was holding it in his left hand, does not seem credible. In addition, given that one of [Hall's] acquaintances was fatally injured by a Talon just weeks prior to the incident in this case, [Hall's] version of events relies on a series of coincidences, none of which have

any probable tie to [Habitat's] business operations or to [Hall's] work duties. Finally, while [Habitat] did not have an affirmative rule against collecting or accepting fireworks for personal use, or a rule against smoking while transporting them, it did not direct or expect [Hall] to do so as part of his normal work duties of collecting donated items for resale.

17. The weight of the evidence is that the activity leading to the August 7, 2015 explosion was related to a personal issue or errand, and that the risk of injury in this case was personal and not employment-related.

18. Furthermore, while it appears [Hall] was "on the clock" at the time of the explosion, the Board struggles to find evidence that collecting and handling dismantled explosives while driving somehow furthered [Habitat's] business interest. The Act of holding an explosive device while driving a vehicle in which one or both of the occupants is smoking might be considered horseplay sufficient to remove the activity from the course of employment. The Board therefore concludes that [Hall's] accidental injuries did not occur in the course of his employment with [Habitat].

Appellant's App. Vol. II pp. 11–12.

# Discussion and Decision

Hall contends that the Board erred by concluding that his injuries did not arise out of and in the course of his employment.

> It is the duty of the Board, as the trier of fact, to make findings that reveal its analysis of the evidence and are specific enough to permit intelligent review of the Board's decision. We will not reweigh the evidence or assess the credibility of witnesses. We

employ a two-tiered standard of review. We will review the evidence in the record to see if there is any competent evidence of probative value to support the Board's findings and then examine the findings to see if they are sufficient to support the decision. We will consider only the evidence most favorable to the award, including any and all reasonable inferences deductible from the proven facts.

*Neidige v. Cracker Barrel*, 719 N.E.2d 441, 443 (Ind. Ct. App. 1999) (internal citations omitted).

The WCA covers accidents that arise out of and in the course of employment. *Id*. An injury arises out of employment when a causal nexus exists between the injury or death and the duties or services performed by the injured employee. *DePuy, Inc. v. Farmer*, 847 N.E.2d 160, 164 (Ind. 2006). "The causal relationship is established when a reasonably prudent person considers a risk to be incidental to the employment at the time of entering into it." *Id*. (quotations and citations omitted). A worker who is engaged in horseplay, however, is not entitled to worker's compensation, because horseplay is not for the benefit of the employer and therefore does not arise out of the employment. *Id*.

Here, to the extent that the Board might not have been unequivocal in concluding that Hall's actions amounted to horseplay, such a conclusion is amply supported by evidence in the record, and we may affirm on any basis supported by the record. *See City. of South Bend v. Century Indem. Co.* 821 N.E.2d 5, 9 (Ind. Ct. App. 2005) ("We may sustain the trial court's ruling if we can affirm on any basis found in the record."). While confined inside a moving

vehicle, Hall removed the firework from inside his lunch pail and held it in his left hand. Hall acknowledged that this firework was no longer properly assembled, because it was missing the stick it would normally be attached to. Both Hall and Hill also knew this firework was dangerous because someone they knew had recently died as a result of an injury sustained from a firework, and Hill cautioned Hall to be careful not to light it. Nonetheless, they chose to smoke cigarettes near the short-fused, softball-sized firework. Moreover, Hall claimed that the explosion must have occurred after a cigarette spark was swept up into the crosswind from the open window and then ignited the fuse of the firework. The Board, however, found Hall to be uncredible, noting that his "version of events relies on a series of coincidences[,]" Appellant's App. Vol. II p. 12, leading to the reasonable conclusion that the explosion resulted from Hall's horseplay.

[7] The decision of the Board is affirmed.

Robb, J., and Altice, J., concur.