CORRECTED: MARCH 14, 2019
RENDERED: MARCH 14, 2019
TO BE PUBLISHED

# Supreme Court of Kentucky



2018-SC-000364-WC

DOUG TREVINO      APPELLANT

ON APPEAL FROM COURT OF APPEALS
V.      CASE NO. 2017-CA-000753-WC
WORKERS' COMPENSATION BOARD NO. 13-WC-60923

TRANSIT AUTHORITY OF RIVER CITY;      APPELLEES
HON. JEANIE OWEN MILLER,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD

## OPINION OF THE COURT BY JUSTICE KELLER

## AFFIRMING

Douglas Wayne Trevino (Trevino) was injured while working as a bus driver for Transit Authority of River City (TARC) in Jefferson County, Kentucky. He initiated a claim for benefits pursuant to Kentucky Revised Statutes (KRS) Chapter 342, the Workers' Compensation chapter. After reviewing the relevant evidence, an Administrative Law Judge (ALJ) denied Trevino's claim. Trevino filed a motion for reconsideration, which was also denied. He appealed to the Workers' Compensation Board (Board), which unanimously affirmed the ALJ's

determination. Trevino then appealed to the Court of Appeals, which unanimously affirmed the Board's decision. He now appeals to this Court.

## I. BACKGROUND

While operating a TARC bus on November 9, 2013, Trevino was assaulted by a passenger resulting in injuries to his face, teeth, as well as causing post-traumatic stress disorder. Trevino filed his Form 101 on October 30, 2015. TARC responded by denying the claim pursuant to the special defense provided in KRS 342.610(3).[1] At the time Trevino's claim was filed and litigated, this provision stated:

> [l]iability for compensation shall not apply where injury, occupational disease, or death to the employee was proximately caused primarily by voluntary intoxication as defined in KRS 501.010, or by his or her willful intention to injure or kill himself, herself, or another.

TARC specifically argued that Trevino was the aggressor in the altercation and that he acted outside of the scope of his employment. TARC bases its position on the on-board bus surveillance video.[2] At the Benefits Review Conference (BRC), both parties stipulated the video's authenticity. After reviewing the video multiple times, as well as considering Trevino's live testimony, the ALJ denied Trevino benefits pursuant to KRS 342.610(3). The ALJ specifically determined the following:

---

[1] KRS 342.610(3) was amended in 2018. As of July 14, 2018, this provision states: "[l]iability for compensation shall not apply to injury, occupational disease, or death to the employee if the employee willfully intended to injure or kill himself, herself, or another."

[2] This video is not included in the record on appeal.

> I find the plaintiff's intentional action, leading up to the assault which injured him, was the proximate cause of the assault. In other words, Mr. Tervino's [sic] actions of standing up and shoving the assailant (backwards down the bus steps) as well as the verbal argument with the assailant were definitely the precipitating factors leading to the violent response.

During his live testimony, Trevino stated that the assailant was unruly from the moment he entered the bus. According to Trevino, the assailant was angry that Trevino "passed him up", presumably at an earlier stop. Trevino further testified that the assailant was cursing at him and threatening violence and eventually started punching Trevino.

In affirming the ALJ, the Board cited extensively to Trevino's deposition and live testimony wherein he described the assault. Ultimately the Board, and the Court of Appeals, determined that there was substantial evidence supporting the ALJ's determination to deny benefits. In so holding, the Court of Appeals rejected Trevino's interpretation and application of KRS 342.610(3). Having reviewed the record and the law, we affirm the Court of Appeals.

## II.   STANDARD OF REVIEW

The ALJ has the sole discretion to determine the quality, character, and substance of the evidence and may reject any testimony and believe or disbelieve various parts of the evidence regardless of whether it comes from the same witness or the same party's total proof. *Paramount Foods, Inc. v. Burkhardt*, 695 S.W.2d 418, 419 (Ky. 1985). Trevino, as the claimant, bore the burden of proving the elements of his claim. *See*

3

*Gibbs v. Premier Scale Co./Indiana Scale Co.*, 50 S.W.3d 754, 763 (Ky. 2001). On the allegations of error in which Trevino failed to convince the ALJ, Trevino must establish on appeal that the evidence was so overwhelming as to compel a favorable finding. *Special Fund v. Francis*, 708 S.W.2d 641, 643 (Ky. 1986). The question we must answer is whether the ALJ's findings were "so unreasonable under the evidence that [they] must be viewed as erroneous as a matter of law." KRS 342.285; *Ira A. Watson Dep't. Store v. Hamilton*, 34 S.W.3d 48, 52 (Ky. 2000).

## III. ANALYSIS

### A. THE ALJ DID NOT ERR IN DENYING BENEFITS

Trevino's sole argument on appeal is that "the phrase 'willful intent to injure' contained in KRS 342.610(3) does not preclude compensation in assault cases in which the claimant was the aggressor." In construing statutes, we must give effect to the intent of the General Assembly. *Maynes v. Commonwealth* 361 S.W.3d 922, 924 (Ky. 2012). "We derive that intent, if at all possible, from the language the General Assembly chose, either as defined by the General Assembly or as generally understood in the context of the matter under consideration." *Id.* (citing *Osborne v. Commonwealth*, 185 S.W.3d 645 (Ky. 2006)). Lastly, statutory construction is a matter of law which requires *de novo* review by this Court. *Hearn v. Commonwealth*, 80 S.W.3d 432, 434 (Ky. 2002) (citing *Bob Hook Chevrolet Isuzu, Inc. v. Commonwealth of Kentucky, Transp. Cabinet*, 983 S.W.2d 488 (Ky. 1998)).

4

Trevino cites *Advanced Aluminum Co. v. Leslie* for the proposition that "KRS 342.610(3) encompasses situations including horseplay, intoxication, or other employee conduct shown to have been an intentional, deliberate action with a reckless disregard of the consequences either to himself or to another." 869 S.W.2d 39, 40 (Ky. 1994) (citing *Kentucky Jurisprudence Workers' Compensation.*, William S. Haynes, § 11:2 through § 11:5). Without the benefit of explanation or elaboration, Trevino also claims that "case law establishes that workplace assaults are compensable where they are traceable to an incident of the employment, even when the employee is the aggressor." *Hansen v. Frankfort Chair Co.*, 60 S.W.2d 349 (Ky. 1933) and *Hall v. Clark*, 360 S.W.2d 140 (Ky. 1962).

We note that both *Hansen* and *Hall* were published prior to the enactment of KRS 342.610(3) in 1972. And as for *Leslie*, that case does not provide an exhaustive list of conduct that constitutes "willful intention" under KRS 342.610(3), nor does it narrow such conduct to only the most outrageous acts of violence. In fact, the ALJ appropriately relied on *Leslie* when concluding that "I find that Mr. Trevino's actions were indeed intentional and deliberate and were designed to inflict harm on this assailant." As such, the ALJ expressly rejected Trevino's self-defense claim and instead determined that "it was [Trevino's] actions that caused the escalation."

5

We decline to adopt Trevino's strained interpretation of KRS 342.610(3). The legislature's intent here is clear: if a claimant's aggressive or inflammatory behavior proximately causes violence, thus resulting in injury to the claimant, the claimant is not entitled to compensation under Kentucky's Workers' Compensation laws. *See Livingood v. Transfreight*, LLC, 467 S.W.3d 249, 258 (Ky. 2015) ("KRS Chapter 342 evinces a legislative intent that an employee should not benefit from his own wrongdoing."). To be clear, there may be other but-for causes at issue. However, the key question here is whether the claimant's willful conduct was the *proximate* cause of his injury.[3]

As previously noted, the ALJ's conclusion was based on her review of the bus surveillance video as well as Trevino's testimony. She clearly did not find Trevino's version of the events credible. This was echoed by the Board in its opinion affirming the ALJ's denial of benefits. It is well-established that "[t]he reviewing court must not substitute its judgment for that of the finder of fact." *Howard D. Sturgill & Sons v. Fairchild*, 647 S.W.2d 796, 798 (Ky. 1983). We conclude that the ALJ's decision denying Trevino benefits pursuant to KRS 342.610(3) was supported by substantial evidence.

---

[3] We note that the current version of KRS 342.610(3) omits the requirement that the employee's injury "was proximately caused primarily by" the claimant's willful conduct. We need not address the amended provision here, nor do we intend to provide an exclusive analysis of what specific types of conduct violate KRS 342.610(3) under either its current or former version.

6

## IV. CONCLUSION

For the foregoing reasons, the opinion of the Court of Appeals is affirmed.

Minton, C.J.; Hughes, Keller, Lambert, VanMeter and Wright, JJ., sitting. All concur.

COUNSEL FOR APPELLANT:

Phillipe W. Rich

COUNSEL FOR APPELLEE, TRANSIT AUTHORITY OF RIVER CITY:

Michelle Turner
Derek Ryon Miles
Turner Keal & Button PLLC

COUNSEL FOR APPELLEE, JEANIE OWEN MILLER, ADMINISTRATIVE LAW JUDGE:

Jeanie Owen Miller

COUNSEL FOR APPELLEE, WORKERS' COMPENSATION BOARD:

Dwight Taylor Lovan
Executive Director - Department of Workers' Claims

# Supreme Court of Kentucky

2018-SC-000364-WC

DOUG TREVINO                                                                APPELLANT

                          ON APPEAL FROM COURT OF APPEALS
V.                                    NO. 2017-CA-000753-WC
                  WORKERS' COMPENSATION BOARD NO. 13-WC-60923

TRANSIT AUTHORITY OF RIVER CITY;                                    APPELLEES
HON. JEANIE OWEN MILLER,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD

## O R D E R

On the Court's own Motion, this Court hereby corrects the Opinion of the Court by Justice Keller Affirming, rendered March 14, 2019 in the above-styled case, to show that Counsel for Appellee, Transit Authority of River City, is Michelle Turner, Turner Keal & Button PLLC. Substitution of a new Opinion of the Court by Justice Keller Affirming is attached hereto. Said correction does

not affect the holding and is made only to reflect the proper name of counsel for

the Appellee on p. 7 of the Opinion.

ENTERED: March 14 , 2019.

CHIEF JUSTICE