RENDERED: DECEMBER 3, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0308-WC

BRENDA DORNACHER                                              APPELLANT

PETITION FOR REVIEW OF A DECISION
v.                   OF THE WORKERS' COMPENSATION BOARD
ACTION NO. WC-2017-90399

COVINGTON PUBLIC SCHOOLS;
HONORABLE STEPHANIE KINNEY,
ADMINISTRATIVE LAW JUDGE;
KENTUCKY WORKERS'
COMPENSATION BOARD; AND
DANIEL CAMERON, KENTUCKY
ATTORNEY GENERAL                                              APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; TAYLOR AND L. THOMPSON,
JUDGES.

CLAYTON, CHIEF JUDGE: Brenda Dornacher appeals from an opinion of the

Workers' Compensation Board which affirmed the Administrative Law Judge's

(ALJ) opinion, award, and order. Dornacher, who was injured while working as a school bus driver, argues that the ALJ erred in finding that she is not permanently totally disabled and that her cervical spine injury is not work-related. She further argues that Kentucky Revised Statutes (KRS) 342.730(4), which applies retroactively to limit her income benefits on the basis of her age, is unconstitutional. Upon review, we affirm the opinion of the Board.

Dornacher began working as a bus driver for Covington Public Schools on December 1, 2016. She was injured on March 9, 2017, while on her way to pick up a group of students. When she pulled over to allow an emergency vehicle to pass, another vehicle struck the bus. Dornacher got out to inspect the damage, tripped on some broken pavement, and fell, hitting her head and right shoulder, and tearing her rotator cuff. She was 73 years of age on the date of the injury. She underwent right shoulder surgery on April 17, 2017, and again on September 19, 2017. Dornacher continues to experience right shoulder pain and limited strength as well as arm numbness and a decrease in range of motion. She also suffers from pain in her neck and back. Dornacher alleged that as a result of the fall, she sustained a right shoulder injury, a cervical injury, and aggravation of pre-existing cervical degenerative changes.

Dornacher, who was 73 years of age at the time of the injury, has not been employed since then. Her prior employment history includes working as an

EMT from the late 1960s to the early 1970s, as a photographer assisting her husband, as a mail processor at an investment firm, and as a medical records clerk at a hospital. She began working as a bus driver in 1997. There were also lengthy periods when she was not employed, from 2003 through 2010, and from April 2011 through November 2015.

The ALJ found that Dornacher had sustained a work-related injury to her right shoulder as a result of the March 9, 2017 accident, but had not sustained a cervical injury or an aggravation of pre-existing cervical degenerative changes as a result of the accident. The ALJ awarded her temporary total disability (TTD) benefits from April 17, 2017 through February 15, 2019. She awarded permanent partial disability (PPD) benefits based upon a 25 percent impairment rating for the right shoulder injury. The benefits were limited based upon her age, pursuant to KRS 342.730(4).

The ALJ further found that Dornacher was not permanently totally disabled. In her analysis, the ALJ described Dornacher's age as "perhaps the strongest factor" in favor of an award of permanent total disability, but noted that she has a twelfth-grade education and a plethora of experience performing sedentary jobs. The ALJ balanced Dornacher's vocational skills against her work restrictions, and noted that Dr. John Wolf of Case Consultants of Ohio, who evaluated Dornacher at her request, did not opine that she was precluded from

performing any type of work and that Dr. Thomas Bender, who evaluated Dornacher at Covington's request, recommended restrictions limited to her upper right extremity. The ALJ concluded that Dornacher was not permanently totally disabled because she is capable of obtaining and performing light duty or sedentary work.

The Board affirmed the opinion, award, and order of the ALJ and this petition for review by Dornacher followed.

Dornacher's first argument concerns the constitutionality of KRS 342.730(4), which provides in pertinent part: "All income benefits payable pursuant to this chapter shall terminate as of the date upon which the employee reaches the age of seventy (70), or four (4) years after the employee's injury or last exposure, whichever last occurs." The provision became effective on July 14, 2018, and applies prospectively and retroactively. Dornacher argues that the retroactive effect of the provision in reducing her benefits on the basis of her age is unconstitutional. The Board refused to address the constitutional issues because they exceeded the bounds of its jurisdiction as an administrative body. *See Blue Diamond Coal Co. v. Cornett*, 300 Ky. 647, 649, 189 S.W.2d 963, 964 (1945).

Shortly after the briefing was completed in this appeal, the Kentucky Supreme Court rendered an opinion finding the provision at issue to be constitutional, holding that "the current version of KRS 342.730(4) is not violative

of the Equal Protection Clause because the age classification is rationally related to a legitimate state purpose." *Cates v. Kroger*, 627 S.W.3d 864, 871 (Ky. 2021). It further found "no arbitrary exercise of legislative authority in the retroactive application of the amendment." *Id.* Consequently, the statutory limitation of Dornacher's benefits on the basis of her age and its retroactive application were not unconstitutional.

Next, Dornacher contests the ALJ's determination that she was not totally permanently disabled.

As the claimant, Dornacher bore the burden of proving the elements of her claim. *Trevino v. Transit Authority of River City*, 569 S.W.3d 400, 403 (Ky. 2019). "If the board finds against a claimant who had the burden of proof and the risk of persuasion, the court upon review is confined to determining whether or not the total evidence was so strong as to compel a finding in claimant's favor." *Snawder v. Stice*, 576 S.W.2d 276, 280 (Ky. App. 1979). "The ALJ as fact finder has the sole authority to judge the weight, credibility, substance, and inferences to be drawn from the evidence." *LKLP CAC Inc. v. Fleming*, 520 S.W.3d 382, 386 (Ky. 2017) (citation omitted). Upon review, we "correct the Board only where the . . . Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to

cause gross injustice." *Western Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992).

KRS 342.0011(11)(c) defines permanent total disability as "the condition of an employee who, due to an injury, has a permanent disability rating and has a complete and permanent inability to perform any type of work as a result of an injury[.]" In order to determine if a claimant is totally disabled, the ALJ is required to perform a five-step analysis. *City of Ashland v. Stumbo*, 461 S.W.3d 392, 396-97 (Ky. 2015). These five steps may be summarized as follows: first, the ALJ must determine if the claimant suffered a work-related injury; second, the ALJ must determine if the claimant has an impairment rating; third, based on the impairment rating, the ALJ then must determine the claimant's permanent disability rating; fourth, the ALJ must determine whether the claimant is unable to perform any type of work; and fifth, the ALJ must determine if the claimant's total disability is a result of the work-related injury. *Id.*

Dornacher's argument focuses on the fourth step, contending that the ALJ ignored the facts of the case as they relate to deciding whether she is unable to perform any type of work. In making this determination, the ALJ must consider "factors such as the worker's post-injury physical, emotional, intellectual, and vocational status and how those factors interact." *Ira A. Watson Dep't Store v. Hamilton*, 34 S.W.3d 48, 51 (Ky. 2000). Dornacher contends that the ALJ gave

insufficient weight to her advanced age and placed too much stress on the fact that she has a twelfth-grade education, which she contends has no relevancy to jobs in the twenty-first century. She also disputes the ALJ's statement that Dornacher had performed a large amount of sedentary work. She argues that her work as an EMT and photographer occurred many years ago and in any event was not sedentary. She contends that her relevant work experience must focus on her last twenty years of employment, which was primarily as a bus driver. She argues that the ALJ ignored the effects of her right-shoulder condition, which essentially renders her a one-armed person, and the evidence of her severe and chronic pain and resulting depression. She also points to the fact that she has difficulty performing simple day-to-day activities such as housekeeping and food preparation.

Dornacher's arguments challenge the weight and emphasis the ALJ placed on different parts of the evidence. Assessing the evidence in this manner is a task exclusively within the purview of the ALJ and may not be disturbed on appeal unless the evidence compels a different conclusion. *Snawder*, 576 S.W.2d at 280. There is evidence in the record that Dornacher had performed sedentary jobs such as a mail clerk or medical records clerk in the past. Although she may be incapable of driving a school bus, the evidence does not compel a finding that she is incapable of performing any kind of work.

Dornacher further argues that the ALJ erred in not finding she suffered a work-related cervical neck injury. On this issue, the ALJ found as follows:

> CPS [Covington] argues Dornacher did not sustain a cervical injury as a result of the March 9, 2017 work accident, relying on Dr. Bender. Dornacher submitted Dr. Wolf's report in support of causation. Dr. Wolfe [sic] diagnosed an acute cervical strain superimposed on pre-existing degenerative multiple cervical disc disease and possible right-side cervical radiculopathy.
>
> This ALJ is not convinced Dornacher suffers from a cervical radiculopathy based upon the two EMGs [electromyogram] she underwent. Each of those EMGs failed to show objective evidence of a radiculopathy. Thus, the most objective evidence in this claim does not support Dr. Wolf's opinion. Furthermore, while Dr. Wolf felt Dornacher sustained an acute cervical strain, he did not assess any cervical impairment. Conversely, Dr. Bender opined Dornacher's cervical degenerative changes were not aggravated by the work injury. As a result, this ALJ determined the evidence supports Dr. Bender's opinion that Dornacher did not sustain a permanent cervical work injury.

Dornacher contends that the ALJ erroneously believed that because the EMG tests failed to show objective evidence of radiculopathy, all the uncontroverted evidence of significant cervical symptoms had to be ignored. These symptoms included Dornacher experiencing pain in the cervical region, radicular pain, numbness and weakness in her upper extremity extending into her hands and fingers, and receiving extensive medical care for her neck. "Not only does the ALJ weigh the

evidence, but the ALJ may also choose to believe or to disbelieve any part of the evidence, regardless of its source." *Abbott Laboratories v. Smith*, 205 S.W.3d 249, 253 (Ky. App. 2006) (footnote omitted). The ALJ chose to rely on the evidence presented by the EMGs and the report of Dr. Bender. Her findings in this regard were not "so unreasonable under the evidence that [they] must be viewed as erroneous as a matter of law." *Trevino*, 569 S.W.3d at 403 (citations omitted). Furthermore, the employer in this case did meet its burden of proving the existence of a pre-existing condition. *Finley v. DBM Technologies*, 217 S.W.3d 261, 265 (Ky. App. 2007). Dr. Bender simply did not believe that this pre-existing cervical condition was exacerbated by the March 9, 2017 accident. The ALJ was fully entitled to rely on his opinion.

For the foregoing reasons, the opinion of the Workers' Compensation Board is affirmed.

THOMPSON, L., JUDGE, CONCURS.

TAYLOR, JUDGE, DISSENTS AND DOES NOT FILE SEPARATE OPINION.

BRIEF FOR APPELLANT:

Gregory N. Schabell
Covington, Kentucky

BRIEF FOR APPELLEE COVINGTON PUBLIC SCHOOLS:

Scott M. Guenther
Covington, Kentucky